EUGENE WHITE v. THE STATE.

No. 13348.   Delivered June 4, 1930.
Reported in 29 S. W. (2d) 387.

The opinion states the case.

*Critz & Woodward,* of Coleman, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, the unlawful transportation of intoxicating liquor; penalty, one year.

Searching officers found in the car of appellant six pints and one and a half gallons of whiskey.

The defensive testimony was briefly in substance that appellant had been running a filling station; that a few days previous to the search of the appellant's car a stranger had come to appellant's filling station and there left a package, the contents of which were unknown to appellant; that appellant and his wife decided to abandon the filling station and move therefrom; that the floor had become wet and in picking up the package left by the stranger, the bottom fell out and disclosed the presence of intoxicating liquor therein; that appellant not knowing what to do with same decided that as he was moving, he would take same to his brother and there consult with him about what to do with it; that on the trip over there his car was searched with the result aforesaid. This defense was presented by the Court in the following language:

"If you believe from the evidence in this case that the defendant had no interest in the whiskey found in his car, if you believe whiskey was found in his car, and no purpose save and except the innocent purpose to make some legal disposition of same, or if you have a reasonable doubt as to this, you will find the defendant not guilty."

Appellant properly excepted to this charge because same was too restrictive, did not submit appellant's defense in an affirmative manner, was confusing and left the jury to speculate on what is meant by "legal disposition." The accused is always entitled to a distinct and affirmative presentation of his defense in the charge of the trial court. For collation of authorities see Vernon's Texas C. C. P., Art. 658, Note 2. To submit the question of what is a legal disposition of whiskey to a jury is obviously to turn them loose without any guide and leave for their determination a matter which in its intricate niceties is calculated to tax the ability of a trained legal mind. It is impossible for us to determine what their conclusion was. They may have determined that a disposition perfectly legal

was not in fact so. If appellant's purpose was only to get the whiskey away from the garage and transport same to a destination where he could seek advice about it before determining its disposition, he would violate no law and this defense should have been pertinently submitted. For authorities deemed analogous see: Lewis v. State, 98 Tex. Crim. Rep. 78; Love v. State, 103 Tex. Crim. Rep. 521; Waddell v. State, 37 Tex. 354; Huff v. State, 51 Tex. Crim. Rep. 441; Upton v. State, 33 Tex. Crim. Rep. 231; Deuschle v. State, 4 S. W. (2nd) 559. We believe the special charge requested by appellant more correctly presented this defense and should have been given and that the charge of the Court was erroneous in the respects pointed out above.

We think the Court should have permitted the appellant to prove that he frequently consulted with his brother and sought his advice in respect to matters of business, though we doubt the sufficient seriousness of this, standing alone, to justify a reversal.

Other alleged errors are not likely to occur again and will not be discussed.

For the error above mentioned, the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.