FLOYD RAMAS v. THE STATE.

No. 15101.   Delivered March 23, 1932.

The opinion states the case.

*Tom F. Coleman,* of Lufkin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor; the punishment, confinement in the penitentiary for one year.

Appellant was a member of the board of trustees of a country school. Transient persons had for some time been camping around the school grounds. It had been suggested to appellant that he watch these campers in order to prevent them from harming the school property, and also to see that they committed no violations of the law. Appellant testified

that he was not only watching the campers at the request of the school board, but that he had also consulted the officers, and that they had suggested that if anything happened the matter be reported to them. Some time prior to appellant's arrest herein, and after appellant had advised the officers of the presence of campers near the school premises, officers discovered a still some distance from the school house. Several days after appellant had reported the presence of campers to the officers, he was arrested on the highway while traveling in his automobile to the county seat. A search of the car disclosed eight half-gallon jars of whisky.

The arrest and search was made by a constable. He testified that he had received information that appellant was going to bring in a load of whisky. The source of his information is not disclosed in the record. According to his version, he waited for appellant on the highway. Appellant passed his car, and proceeded on down the highway at a moderate rate of speed, pursued by the officer. The officer testified that he blew his horn and tried to get appellant to stop, but was unable to bring the car to a stop until he drove in front of it. He testified, further, that after he discovered the whisky in the car, appellant stated to him that he found the whisky on the school grounds, and was delivering it to the officers. Other officers testified that appellant had previously advised them that campers were on the school grounds and were engaged in unlawful conduct; that they advised appellant to arrest the parties and notify them if he found them violating the law; that they told appellant they would then come to his community and take charge of the parties; that they did not advise appellant to bring the offenders to the county seat; that they did not authorize him to bring any whisky in.

Appellant testified that after he had given information to the officers concerning the violation of law by the campers, he was advised by the officers to arrest the offenders and hold them until the officers could be notified, or to bring them to the county seat; that after the campers had departed, he found the whisky in question on the school grounds; that following the advice he had received from the officers, he placed the whisky in the automobile and was transporting it to the county seat for the purpose of delivering it to the officers when he was arrested. It appears, further, from the testimony of appellant, that he picked up two young men on the highway, telling them at the time that he had whisky in the car which he was delivering to the officers. These young men gave testimony corroborating appellant's version of the transaction. Other witnesses for appellant testified to the effect that there had been campers near the school grounds, who had moved shortly before appellant's arrest. A witness for appellant testified to having seen the whisky on the school grounds.

In attempting to submit appellant's affirmative defense, the court instructed the jury as follows: "You are charged that if you believe, or

have a reasonable doubt thereof, that the defendant had been told by an officer of the law of Nacogdoches County, or that the defendant understood that he had been so told, to arrest, bring in or detain an offender, and that acting under such instructions he in good faith was bringing intoxicating liquor belonging to some unknown parties to Nacogdoches for the purpose of turning same over to the officers of the law, and had no intention of transporting same for an unlawful purpose, you will find the defendant not guilty."

Appellant objected to the foregoing charge on the ground that it predicated his right to an acquittal on the finding by the jury that the officers had advised him to arrest offenders and bring them to the county seat, and that he was acting under the instructions of the officers at the time. The attention of the court was directed in the exception to the proposition that appellant was entitled to an affirmative charge to the effect that if he found the liquor and was in good faith transporting it to the county seat, or elsewhere, for the purpose of delivering such liquor to the proper officials he should be acquitted. The following requested charge was submitted to the court, and refused: "If you believe from the evidence that the defendant, Floyd Ramas, found the liquor that he was charged with having transported to Nacogdoches, Texas, and that upon finding said liquor, if he did, he, in good faith, placed it in his car for the purpose of delivering it to Ollie Strode and Carl Butler, officers of Nacogdoches County, or, if you have a reasonable doubt as to whether he did so or not, you will acquit him."

The accused is always entitled to a distinct and affirmative presentation of his defense in the charge of the court. White v. State, 115 Texas Crim. Rep., 69, 29 S. W. (2d) 387. The officers denied that they had authorized appellant to bring offenders to the county seat. They said they had not authorized him to bring any whisky in. Although appellant testified that he had been authorized by the officers to make arrests and deliver the offenders to them, the defense raisd by his testimony was that his only purpose in transporting the whisky was to deliver such whisky to the officers for proper lawful disposition. Under the court's charge, the jury were not warranted in acquitting appellant unless they believed, in effect, that the officers had authorized him to bring the whisky from the school grounds to the county seat. The opinion is expressed that under the facts the charge was too restrictive. If appellant's purpose was only to move the whisky away from the school grounds and transport it to a destination where he could deliver it to the officers for proper disposition, he violated no law, and this defense should have been pertinently submitted.

In White v. State, supra, the defensive testimony was, in substance, that the accused, upon finding a package containing whisky in his filling station, carried it to his brother for the purpose of asking his advice as

to the disposition he should make of the whisky. On his trip to his brother's his car was searched, with the result that the whisky was discovered by the officers. In concluding that the trial court inadequately presented the accused's affirmative defense, this court held that if it was the purpose of the accused only to get the whisky away from the garage and transport it to a destination where he could seek advice about it before determining its disposition, he violated no law.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.