Michael David **COLLINS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 47728.

Court of Criminal Appeals of Texas.

Dec. 5, 1973.

Paul J. Chitwood, Dallas, for appellant.

Henry Wade, Dist. Atty., and William L. Hubbard, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

Appellant plead nolo contendere to unlawfully carrying on or about his person a

pistol. He was assessed a $100.00 fine by the court.

No statement of facts was presented to this Court for the purpose of appellate review. The single ground of error contends that Article 483, Vernon's Ann.P.C.,[1] on which this prosecution is based, is unconstitutional for the reason that it regulates the carrying of a pistol on or about the person in conflict with Vernon's Ann.Tex. Const., Art. 1, § 23.[2] The record reflects that appellant filed a motion to quash the information on September 26, 1972. The motion was overruled on the same date. Thereafter, on December 13, 1972, appellant entered a plea of nolo contendere and was fined $100.00 by the court.

The prohibitive statute passed on April 11, 1871,[3] substantially similar to Article 483, supra, was held to be constitutional and not in conflict with Art. 1, § 23, of the Texas Constitution. State v. Duke, 42 Tex. 455 (1875). Appellant argues, however, that under our present Constitution and the amendments thereto the Legislature is restricted to the regulation of the wearing of arms, and, therefore, a penal law regulating the carrying about the person of a pistol is proscribed by the Constitution, Article 1, § 23, supra.

We disagree. Such an interpretation of this constitutional provision would serve to nullify the purpose for which the Legislature was given the regulatory power; namely, "to prevent crime." As stated in the interpretative commentary of Article 1, § 23, supra:

"It is clearly intended by this section that the right to keep and bear arms is not to be misused, for the legislature is empowered to regulate the bearing of arms so as to prevent crime, or the occasion for crime.

"In furtherance of this permissive clause, the legislature has prohibited the carrying of certain arms on or about the person; the carrying of certain arms into church or other places where people are assembled; the carrying of certain arms on election days within one-half mile of a voting place, the possession of machine guns, except by certain persons for certain purposes, and the shooting of firearms in a public place, or along or across a public road, etc. See Vernon's Ann.P.C. arts. 483, 485, 257, 489b, 480 and 480a."

The prohibition against unlawfully carrying arms has been the law in Texas for over one hundred years during which time our Constitution and penal laws have been amended and revised.[4] Its constitutionality has been attacked on other grounds without success in many cases. Castellano v. State, Tex.Cr.App., 458 S.W. 2d 73; Brock v. State, Tex.Cr.App., 424 S.W.2d 436; Dawson v. State, 171 Tex. Cr.R. 154, 346 S.W.2d 132; Curson v. State, 166 Tex.Cr.R. 272, 313 S.W.2d 538; State v. Duke, supra; English v. State, 35 Tex. 473, 478.

1. Article 483, V.A.P.C. prohibits unlawfully carrying arms. The relevant portion of the statute is as follows: "(a) Any person who shall carry on or about his person, saddle or in his saddle bags, or in his portfolio or purse any pistol, . . . shall be punished . . . ."

2. Article 1, § 23, of the Constitution of 1876 provides: "Every citizen shall have the right to keep and bear arms in the lawful defense of himself or the State; but the Legislature shall have power, by law, to regulate the *wearing* of arms, with a view to prevent crime. (Emphasis supplied)"

3. "Any person carrying *on or about* his person, saddle, or in his saddle bags, any pistol . . . shall be guilty of a misdemeanor . . . ." (emphasis supplied).

4. Section 46.02 of the Texas Penal Code, enacted by Acts 1973, 63rd Leg., Ch. 399, effective January 1, 1974, provides: "(a) A person commits an offense if he intentionally, knowingly, or recklessly carries on or about his person a handgun, illegal knife, or club . . . ."

We hold that Art. 483, supra, which makes it unlawful to "carry *on or about* his person . . . any pistol . . ." is not violative of the constitutional right of every citizen to keep and bear arms in the lawful defense of himself or the state, the Legislature having the power by law to enact such law with a view to prevent crime. Art. 1, Section 23, Constitution of Texas. See also Morrison v. State, 170 Tex.Cr.R. 218, 339 S.W.2d 529.

Appellant's ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.