John Dean ROY, Appellant,

v.

The STATE of Texas, Appellee.

No. 53419.

Court of Criminal Appeals of Texas.

June 29, 1977.

J. Charles Whitfield, Houston, for appellant.

Carol S. Vance, D. A., Robert Shults and Michol O'Connor, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

### OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for unlawfully carrying a handgun. V.T.C.A., Penal Code § 46.02. Punishment of one hundred twenty (120) days in jail and a fine of $300.00 was assessed by the jury.

The record discloses that around 1 a. m., April 2, 1975, police officers Townsend and Fergerson were on routine patrol in the 5th Ward area of Houston. They observed a 1974 Dodge pickup truck driven by appellant leave the parking lot of Scorpio's Lounge and proceed slowly near the inter-

section of 76th Street and Avenue P. The officers noticed a passenger slumped down alongside appellant in the pickup cab. Townsend testified that he decided to stop appellant because of his slow rate of speed and because he thought appellant had just picked up a prostitute. Both Townsend and Fergerson testified that they had difficulty stopping the pickup, even after turning on their flashing lights. Appellant finally stopped only after the police car pulled directly in front of his truck.

Townsend further testified that appellant was abusive and arrogant when questioned and that he claimed to be a deputy constable entitled to carry a weapon. As proof of his alleged peace officer status, appellant displayed a printed card and badge which purported to identify him as a deputy constable of Harris County. Since the card contained no photograph or fingerprint identification, Townsend was suspicious and radioed his supervisor, Sergeant Chebret. Chebret arrived shortly thereafter and after examining the identification card, concluded that appellant was not a law enforcement officer and directed that he be arrested. Immediately after the arrest, Townsend conducted an inventory of the pickup and discovered a loaded .38 calibre revolver in the side compartment of the left door.

■ In his first ground of error appellant argues that the trial court erred in refusing his requested charge that the term "premises" could include a moving vehicle exclusively controlled by appellant and used in his regular course of business. Appellant's argument is based on that portion of V.T. C.A., Penal Code, § 46.03, which reads:

"The provisions of Section 46.02 [unlawfully carrying a weapon] of this code do not apply to a person:
"(1) . . .
"(2) on his own *premises* or *premises under his control* . . .. (Emphasis supplied.)"

Appellant contends that since his business was that of a serviceman of coin-operated vending machines, requiring him to keep in his vehicle tools and money collected from the machines, his vehicle was within the statutory definition of "premises" and he was thus privileged to carry the pistol. We reject this definition as contrary to previous decisions of this court and the legislative intent expressed in § 46.02 and § 46.03, supra.

In *Lattimore v. State*, 65 Tex.Cr.R. 490, 145 S.W. 588 (Tex.Cr.App.1912), this court rejected a similar argument and defined "premises" under Article 476, Penal Code, 1911,[1] as excluding a vehicle on a public road. *Lattimore v. State,* supra, involved a rural mail carrier who operated an open buggy along a 23 mile route of public roads. In addition to delivering mail, he also collected proceeds from the sale of money orders and stamps. There this court quoted from *Baird v. State*, 38 Tex. 599, 601, 602, in part as follows:

"... The place of business contemplated by the law . . . has reference to a particular locality, appropriated exclusively to a local business, such as the farm, the store, the shop, or dwelling place, and the business . . . as is usually carried on upon the farm, in the store or shop, or other appropriated local place . . . (T)he public roads, can in no proper sense be termed any man's place of business, since he has no right to an exclusive appropriation."

Although we find no more recent case in point, we consider the persuasive rationale discussed in *Lattimore* to have current vitality. If "premises" could include a moving vehicle controlled by a person in "his regular course of business," every person could then argue justification for bearing arms. As stated in *Baird*:

"... for he could always claim to be at his own business . . .; and even he who makes it a business to appro-

1. Article 475 states:
"If any person in this state shall carry on or about his person . . . any pistol . . . he shall be punished by fine . . .."

Article 476 states:
"The preceding article shall not apply to . . . the carrying of arms on one's own premises or place of business."

priate other people's property to his own use might claim the right to bear arms to protect that business." *Lattimore v. State,* supra.

Moreover, to adopt appellant's position would permit any route operator of a service business or any truck driver to lawfully possess a weapon of the class described in § 46.02 while in his vehicle on the public thoroughfares. We believe such a construction of § 46.03 was not intended by the Legislature. See *Cortemeglia v. State,* 505 S.W.2d 296 (Tex.Cr.App.1974), and the cases cited therein dealing with the offense of unlawfully carrying a weapon under the prior Penal Code.

While § 46.03 fails to define "premises," the term was derived from prior law, including the Penal Code of 1911 which was interpreted in *Lattimore v. State,* supra. Since this interpretation was not changed by the Legislature in enacting Article 483, Vernon's Ann.P.C., 1925, and later § 46.03, we presume that the holding in *Lattimore v. State* is consistent with and applicable to § 46.03. *Stork v. State,* 114 Tex.Cr.R. 398, 23 S.W.2d 733 (Tex.Cr.App.1929).

Aside from. *Lattimore,* there is a further consideration which indicates legislative intent contrary to appellant's position. In 1975 § 46.03 was supplemented by subdivision 5, which exempts armored car guards, messengers and private security officers from § 46.02 liability. By this action, the Legislature recognized the need to specifically limit the circumstances in which a person may lawfully carry certain weapons while operating a vehicle on public roads. The statute contains no reference to a person such as appellant who uses his vehicle in operating a service route in one local area. If the Legislature had intended to exempt route operators from the ambit of § 46.02, such a class would have been specified in the statute.

For these reasons, we hold that appellant's vehicle was not within the definition of "premises" or "premises under his control" as used in § 46.03.

■ As other aspects of this ground of error, which render it multifarious and not in compliance with Article 40.09, § 9, Vernon's Ann.C.C.P., appellant claims that V.T.C.A., Penal Code, § 46.02, is unconstitutional because it denies him the right to bear arms in violation of Article I, § 23 of the Texas Constitution, and because it denies him equal protection of the law. In *Collins v. State,* 501 S.W.2d 876 (Tex.Cr.App.1973), this court upheld Article 483, Vernon's Ann. P.C., 1925, the predecessor of § 46.02, against a similar challenge. We find no cause to depart from the reasoning in *Collins,* and we hold that § 46.02 is not violative of the constitutional right to keep and bear arms. The Legislature has the power to enact such law with a view to prevent crime. *Collins v. State,* supra. See also *Morrison v. State,* 170 Tex.Cr.R. 218, 339 S.W.2d 529 (Tex.Cr.App.1960).

■ Nor do we find that V.T.C.A., Penal Code, § 46.02 and § 46.03 deny appellant equal protection of the law. We can easily perceive a rational basis for limiting the class of persons authorized to carry certain weapons. Indeed, the fact that not all citizens may do so is the necessary result of the exercise of the legislative power to prevent crime. Article I, § 23, Texas Constitution; cf. *Milligan v. State,* 554 S.W.2d 192 (Tex. Cr.App.1977), and *Collins v. State,* supra. Appellant's first ground of error is overruled.

■ Appellant contends in his second ground of error that the trial court erred in refusing to allow him to establish the defense of necessity by testimony of the arresting officers on the issue of inadequate police patrols and appellant's alleged need to carry the pistol for self-protection. We hold that the error, if any, in excluding this testimony was harmless.

The defense of necessity was only recently established in Texas with the 1973 enactment of V.T.C.A., Penal Code, § 9.22. The statute makes availability of the defense dependent on three conditions: (1) the actor must reasonably believe the conduct is *immediately* necessary to avoid *imminent* harm; (2) the harm sought to be avoided must clearly be greater than the harm actu-

ally caused (i. e., the offense); and (3) a legislative purpose to exclude the justification claimed for the conduct must not otherwise plainly appear. See Practice Commentary, V.T.C.A., Penal Code, § 9.22. Without considering the second condition, we conclude that the first and third conditions were not satisfied, that the defense of necessity was not raised by the evidence, and that there was no harm in the trial court's exclusion of the proffered testimony.

Appellant's bills of exception reveal that the officers would have testified before the jury as follows:

*Officer Townsend*: that the site of the offense is adjacent to an area where an officer was shot 2 weeks before; that this area was one involving "quite a few robberies of people and burglaries and muggings . . .;" that the officer did not know whether sufficient police protection existed in the area to guarantee the personal safety of all the residents; and that this "beat" was no tougher than the others.

*Officer Fergerson*: that an estimated 3 police patrol vehicles at a time were patrolling an estimated 30 square mile area near the site of the offense; that there were approximately 30 or 40 taverns in the area; that this was what the officers considered to be a "high crime" area; that in the officer's opinion, "with the manpower that we have, we can get out there and try" to adequately protect the area.

Even construing this testimony favorably to appellant, we fail to see any circumstances which made it immediately necessary for appellant to possess a weapon. Nor does it appear elsewhere in the record that appellant had been threatened or that he was in any conceivable danger of imminent harm. Although appellant testified that his truck had been burglarized sometime in the past and that someone had once "used a firearm on him," such testimony fails to establish an immediate necessity to avoid imminent harm. Therefore, the first condition under § 9.22 could not have been satisfied.

The third condition makes the defense of necessity unavailable if a legislative purpose to exclude it is expressed elsewhere in the law. Practice Commentary, § 9.22. We find such purpose to be expressed in V.T. C.A., Penal Code, § 46.02, which seeks to prohibit carrying deadly weapons. The Legislature has not deprived citizens of the right to bear arms; rather, § 46.02 is an attempt to insure that certain types of weapons readily capable of and specifically designed for inflicting serious injury are removed from the public domain. To allow any person to carry a weapon prohibited under § 46.02 anytime he felt he was in a "high crime" area would openly thwart the purpose of the statute.

For these reasons, we hold that appellant's proffered evidence did not raise a fact issue entitling him to the defense of necessity and that the trial court committed no error in excluding it. Cf. *Worton v. State*, 492 S.W.2d 519 (Tex.Cr.App.1973), with *Garcia v. State*, 528 S.W.2d 604 (Tex. Cr.App.1975).

■ Appellant's third ground of error asserts that the trial court erred in failing to allow appellant to read to the jury the deposition of an absent defense witness. Appellant claims that he was entitled to present the deposition under Article 38.24, Vernon's Ann.C.C.P., which provides for the admissibility of any act, declaration or writing which is necessary to fully explain similar previously admitted matters. We have no occasion here to determine whether the deposition was admissible under said Article 38.24, supra, because appellant failed at trial to satisfy a more fundamental requisite to its admissibility: the predicate contained in Article 39.12, Vernon's Ann.C.C.P. Absent the proper predicate, the deposition was inadmissible without regard to said Article 38.24, supra. The trial court thus properly excluded the deposition. *Forbes v. State*, 513 S.W.2d 72 (Tex.Cr.App.1974), cert. denied, 420 U.S. 910, 95 S.Ct. 830, 42 L.Ed.2d 840; Article 39.12, supra.

■ In his final ground of error appellant complains of the trial court's failure to dismiss certain prospective jurors due to

their answers to questions on voir dire. The record contains no court reporter's transcription of the voir dire proceedings and no indication that appellant made an affirmative request for a court reporter pursuant to Article 40.09, Vernon's Ann.C. C.P. Therefore, there is nothing presented for review. *Presley v. State*, 538 S.W.2d 624 (Tex.Cr.App.1976); *Cartwright v. State*, 527 S.W.2d 535 (Tex.Cr.App.1975); *Jones v. State*, 496 S.W.2d 566 (Tex.Cr.App.1973).

The judgment is affirmed.