James Wesley THOMAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–82–00598–CR.

Court of Appeals of Texas, Dallas.

Nov. 10, 1983.

Discretionary Review Granted March 28, 1984.

Bill Roberts, Dallas, for appellant.

Henry Wade, Dist. Atty., Anne Wetherholt, Asst. Dist. Atty., for appellee.

Before STOREY, VANCE and STEWART, JJ.

VANCE, Justice.

James Wesley Thomas was convicted of aggravated robbery and sentenced to 99 years' imprisonment in the Texas Department of Corrections. On appeal, he asserts two grounds of error: that the trial court erred in refusing to submit his requested charge on the defense of necessity, and that the evidence was insufficient to support conviction. We conclude that the evidence is sufficient to support the conviction, but reverse and remand because of failure to charge on the defense of necessity.

The evidence admitted at trial reveals that the appellant was placed under arrest by C.D. Mendenhall, a Dallas police officer, for driving without a license. The appellant resisted being handcuffed and began fighting with the officer. Appellant's brother then joined the fighting. The testimony is in conflict as to what occurred during the course of the struggle. Officer Mendenhall testified that the two beat him about the head with what he believed was a bottle and the butt of a shotgun, and as a result he "blacked out" for brief periods. At one point, according to Mendenhall, he drew his pistol and, holding it between his knees, fired a shot into the ground. It appears, from Mendenhall's description of the assault made on his person, that he was slipping in and out of consciousness and possibly not possessing the full use of his mental and physical faculties during periods of the assault. Mendenhall testified that when his assailants withdrew from the fray he was not fully conscious. On the other hand, appellant denied that he or his brother struck the officer, but that at all times they were struggling to disarm him. He testified that the officer's severe head injuries were caused by a bottle thrown into the fight by another party. He insisted that when he and his brother withdrew from the fight, the officer was moving about in a normal condition.

When help arrived it was determined that, in addition to the pistol, the officer's flashlight and shotgun were missing. Blood, pieces of a broken shotgun stock, a knife and the officer's jacket were observed on the ground at the scene of the struggle. Inside the nearby apartment where appellant was arrested, the officer's pistol and flashlight were found. A shotgun barrel was found on top of an entryway overhang. However, the shotgun recovered was not

the one missing from the police officer's car. The appellant was charged with taking the pistol and the shotgun.

In his first ground of error, appellant contends that the trial court erred in refusing his requested charge on the defensive issue of necessity, that is, whether it was necessary for him to take the officer's pistol to avoid being shot. The relevant statutory provision is found in section 9.22 of the Texas Penal Code; it reads:

§ 9.22 Necessity

Conduct is justified if:

(1) the actor reasonably believes the conduct is immediately necessary to avoid imminent harm;

(2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law prescribing [1] the conduct; and

(3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear.

---

[1] So in enrolled bill; probably should read "proscribing".

■ The defense of necessity is available if the three statutory requirements are met. *Roy v. State,* 552 S.W.2d 827, 830–831 (Tex. Cr.App.1977); *Bush v. State,* 624 S.W.2d 377, 379 (Tex.App.—Dallas 1981, no pet.). We conclude that the appellant's testimony, if accepted by the trier of fact, would satisfy the first requirement. The appellant testified that he believed the officer was attempting to shoot him, and that he took the pistol to avoid being shot. He further testified that he hid the pistol because of a belief that the officer would try to shoot him again upon recovering the weapon. The second requirement is established because the desirability and urgency of not being shot clearly outweighs the harm in taking the pistol.

The third requirement is also satisfied. Section 9.22 of the Penal Code roughly follows the standards of section 3.02 of the Model Penal Code. However, the provision differs from the Model Penal Code provision in one significant aspect: the Texas statute does not include a limitation excluding the defense in those situations in which the actor's own recklessness or negligence may have created the situation calling for his decision to violate the penal law to avoid the greater harm. *See* Sullivan, the Defense of Necessity in Texas: Legislative Invention Come of Age, 16 Hous.L.Rev. 333, 341 (1979). In doing so, the legislature indicated an intent to make the defense available in a broader range of offenses. In the present case, the appellant intentionally and willfully created the situation by resisting his own lawful arrest. Such a case has even stronger equities in favor of restricting the availability of the defense; however, the legislature has not plainly expressed an intent to exclude the defense under these circumstances.

The State would rely on *Green v. State,* 566 S.W.2d 578 (Tex.Cr.App.1978) (en banc), in which it was held:

When any defensive theory is raised by the evidence, the trial judge must charge the jury on that defensive theory. The denial of a defendant's requested instruction is not error where the requested instruction is merely an affirmative submission of a defensive issue which merely denies the existence of an essential element of the State's case.

*Id.* at 584.

We believe that *Green* is not in point. In that case the defendant was charged with committing deviate sexual intercourse in a "public place." The requested issue merely instructed the jury to acquit if they failed to find that the act was committed in a "public place." This is unlike the circumstances here, because necessity is a specific statutory defense which comes into play only after the essential elements of the offense are proved.

■ The State's argument, that a defendant cannot claim a justification such as necessity while also denying commission of the offense, fails to recognize that alternative defenses are proper, even if inconsistent. *United States v. Demma,* 523 F.2d 981, 985 (9th Cir.1975) (en banc); *see also* 22 C.J.S. *Criminal Law* § 54 (1961). When the

issue of necessity is raised, it is incumbent on the trial court to charge the jury fully and affirmatively as to the law applicable thereto, whether the evidence raising such issue be strong or weak, unimpeached or contradicted. *Williams v. State,* 630 S.W.2d 640, 643 (Tex.Cr.App.1982) (en banc); *Woods v. State,* 135 Tex.Cr.R. 540, 121 S.W.2d 604 (1938). In *Williams* the defendant had been charged with assault. The complainant testified that Williams had "dragged" her out of a restaurant and "threw" her in the car. He was striking her with his fist while driving the car to their home. He continued to beat her after arriving at home. Williams testified that the complainant was intoxicated and repeatedly tried to grab the steering wheel or his arm while he was driving. He had pushed her away to keep from wrecking the vehicle; he may have struck her face at that time. On one occasion he had to brake suddenly; she may have been thrown into the dashboard or windshield, causing her nose to bleed. He denied striking her after they arrived home.

The court in *Williams* was confronted with three elements common to the case before us; (1) the defendant created the circumstances by an unlawful act of his own (he forcibly threw the complainant into his car against her will), (2) he denied assaulting the complainant, yet insisted upon the necessity defense, and (3) he did not attempt to employ other means short of the offense charged to avoid the act of necessity, that is, instead of striking the complainant he might have simply halted the car. (Here the appellant could have disabled the pistol instead of taking it). We hold that the trial court erred in not instructing the jury on necessity.

█ Next the appellant challenges the sufficiency of the evidence showing theft of both the officer's pistol and shotgun. While we agree that the evidence is insufficient to show theft of the shotgun, the state need not prove that which is not legally essential to the validity of the indictment. *Sirls v. State,* 511 S.W.2d 55, 57 (Tex.Cr. App.1974). Here, there was sufficient evidence that the appellant intended to deprive the officer of his pistol; thus the "theft" element of the robbery charge was proven. *See* TEX.PENAL CODE ANN. § 31.03 (Vernon Supp.1982–1983). Appellant's second ground of error is overruled.

Reversed and remanded.