**William Andrew MASTERS, II, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 773–83.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 20, 1985.

William Andrew Masters, II pro se.

Margaret Moore, County Atty. and Claire Dawson-Brown, Asst. County Atty., Austin, Robert Huttash, State's Atty., Austin, for the State.

---

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted, upon a plea of nolo contendere, of unlawfully carrying a weapon. V.T.C.A., Penal Code, Sec. 46.02. The court assessed punishment at a fine of one dollar.

The judgment of conviction was affirmed by the court of appeals. 653 S.W.2d 944 (Tex.App. 3 Dist.1983). We granted discretionary review to consider appellant's contentions that Sec. 46.02 is violative of Art. 1, Sec. 23 of the Texas Constitution and of the Second Amendment to the Constitution of the United States of America.

We rejected the first of these contentions in *Roy v. State*, 552 S.W.2d 827 (Tex.Cr. App.2977), citing *Collins v. State*, 501 S.W.2d 876 (Tex.Cr.App.1973) and *Morri-*

*son v. State*, 339 S.W.2d 529 (Tex.Cr.App. 1960).

Art. 1, Sec. 23 of the Texas Constitution provides that "the Legislature shall have power, by law, to regulate the wearing of arms, with a view to prevent crime." This power was held in *Roy*, supra, and its progenitors to authorize regulatory statutes such as Sec. 46.02 and its predecessors, and we continue to so hold.

As to the contention that the Second Amendment to the Constitution of the United States prohibits such state regulation of weaponry as is at issue here, that contention has consistently been rejected since *U.S. v. Cruikshank*, 2 Otto 542, 92 U.S. 542, 553, 23 L.Ed. 588 (1875). The Second Amendment simply does not apply to the states or their subdivisions. *Quilici v. Village of Morton Grove*, 695 F.2d 261 (7th Cir.1983), aff'd 532 F.Supp. 1169, cert. den. — U.S. —, 104 S.Ct. 194, 78 L.Ed.2d 170. See also *Presser v. Illinois*, 116 U.S. 252, 265, 6 S.Ct. 580, 584, 29 L.Ed. 615 (1886); *U.S. v. Miller*, 307 U.S. 174, 59 S.Ct. 816, 83 L.Ed. 1206 (1939); *U.S. v. Oakes*, 564 F.2d 384 (10th Cir.1977), cert. den. 435 U.S. 926, 98 S.Ct. 1493, 55 L.Ed.2d 521; *U.S. v. Williams*, 446 F.2d 486 (5th Cir.1971); *Vietnamese Fishermen's Assoc. v. Knights, etc.*, 543 F.Supp. 198 (S.D.Tex. 1982).

The judgment of the court of appeals is affirmed.

CLINTON, Judge.

The opinion of this Court correctly disposes of the cause under settled State and Federal Law, and therefore properly affirms the judgment of the Austin Court of Appeals. *Masters v. State*, 653 S.W.2d 944 (Tex.App.—Austin 1983). However, because of the earnestness with which a zealous appellant has presented his defense and appeal pro se and in light of a thoughtful concurring opinion by Justice Powers, I take this occasion to comment on some of the concerns underlying the subject matter of this cause.

The Constitution and laws of the United States are "the supreme Law of the Land" and "the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." Article VI, Second Paragraph, Constitution of the United States of America. Indeed, every judge of a State court in Texas has solemnly sworn or affirmed to "preserve, protect, and defend the Constitution and laws of the United States," as well as of this State. Article XVI, § 1, Constitution of The State of Texas.

Therefore, so long as the Supreme Court of the United States adheres to its long-standing construction of the Second Amendment, this Court and all other Texas courts are dutybound to follow it and apply that construction. Thus, as declared in *United States v. Cruikshank*, 2 Otto 542, 92 U.S. 542, 23 L.Ed. 588 (1875), its verity remains:

> " '[B]earing arms for a lawful purpose[]' ... is not a right granted by the Constitution. The Second Amendment declares that it shall not be infringed; but this ... means no more than that it shall not be infringed by Congress. This is one of the amendments that has no effect than to restrict the powers of the National Government ..."

*Id.*, 92 U.S. at 553. Still the Supreme Court did acknowledge that the Second Amendment "recognizes" the "rights" it mentions. *Ibid.* And in passing did so again in *Robertson v. Baldwin*, 165 U.S. 275, 282, 17 S.Ct. 326, 329, 41 L.Ed. 715 (1896). But see *United States v. Miller*, 307 U.S. 174, 59 S.Ct. 816, 83 L.Ed.2d 1206 (1939).

Accordingly, for appellant and other citizens similarly situated or of like mind to persist in claiming a Federal constitutional grant of "the right ... to keep and bear Arms" seems utterly futile. However, not yet finally decided is the proposition that what they seek to protect is a preexisting "right" such that under the Ninth Amendment government may not "deny or disparage." Justice Powers certainly advances that sort of proposition in his concurring opinion, 653 S.W.2d at 947, and though it was rejected in *Quilici v. Village of Morton Grove*, 695 F.2d 261 (CA 7 1982), certiorari was merely denied by the Supreme Court, —— U.S. ——, 104 S.Ct. 194, 78 L.Ed.2d 170 (1983).[1]

On the other hand, on firm ground of experience recounted in the Texas Declaration of Independence, the citizen in Texas does have the right to keep and bear arms "in the lawful defense of himself or the State" subject, however, to the Legislature's regulating by law "the *wearing of arms*, with a view to prevent crime."[2] Apparently because the Legislature has exercised its authority to enact laws regulating the carrying of weapons, appellant and others find our own constitutional guarantee unacceptable. Thus they must assert, as appellant does, that a State is precluded by the Second Amendment from imposing any regulation on keeping, bearing and wearing arms. But all the cases make abundantly clear that the Second Amendment does not have that preemptive effect. *Miller v. Texas*, 153 U.S. 535, 14 S.Ct. 874, 38 L.Ed. 812 (1894), is just one, but it upheld a Texas regulatory statute against that very contention.

With those comments, I join the opinion and judgment of the Court.

---

**1.** Neither the *Quilici* appellants nor the Seventh Circuit found "any Supreme Court case holding that any specific right is protected by the ninth amendment," so it dismissed their contention summarily, *viz:*

> "Appellants may believe the ninth amendment should recognize an unwritten, fundamental right to own or possess firearms; the fact

remains that the Supreme Court has never embraced this theory."

Nor by denying certiorari did the Supreme Court find it untenable.

**2.** All emphasis is mine unless otherwise indicated.