**Ex parte James WILLIAMS, Appellant.**

**No. 01–89–00651–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 15, 1990.

Richard S. Patterson, Houston, for appellant.

John Holmes, Dist. Atty., Houston, for appellee.

Before DUNN, WARREN and COHEN, JJ.

## OPINION

DUNN, Justice.

Appellant was charged by information in the county criminal court at law for unlawfully carrying a weapon. He filed a writ of habeas corpus in the district court claiming that the statute under which he is charged, TEX.PENAL CODE ANN. § 46.02 (Vernon 1974), is unconstitutional. Appellant asked the trial court to dismiss the information and declare the statute unconstitutional. The trial court denied the relief requested. We affirm.

■ The State initially contends that, even if appellant's contentions have merit, the trial court did not have jurisdiction to grant appellant the relief requested. The State first asserts the district court did not have the jurisdiction to dismiss the information. Pursuant to TEX.CODE CRIM.P.ANN. art. 4.16 (Vernon 1981):

> When two or more courts have concurrent jurisdiction of any criminal offense, the court in which an indictment or a complaint shall first be filed shall retain jurisdiction except as provided in article 4.12.[1]

The State believes appellant should have filed his writ application in County Criminal Court at Law Number 2. We disagree. If we were to adopt the State's position and apply it in habeas corpus cases, a defendant would be precluded from obtaining relief from illegal confinement if he could not get relief from the judge hearing his case. Merely because the county court at law has jurisdiction of a case does not mean that only the county court can grant an applicant habeas corpus relief. *Ex parte Strong*, 34 Tex.Crim. 309, 30 S.W. 666 (1895). The Code of Criminal Procedure provides that *any* judge of the district court has the power to issue a writ of habeas corpus. TEX.CODE CRIM.P.ANN. art. 11.05 (Vernon 1965). This means that a district judge may hear a writ of habeas corpus and *grant relief* even though an indictment for the offense is pending in the county court. *Von Kolb v. Koehler*, 609 S.W.2d 654, 656 (Tex.Crim.App.1980). *See*

also *Ex parte Carswell*, 395 S.W.2d 47 (Tex.Crim.App.1965). This point is without merit.

■ The State next contends the district court was without jurisdiction because appellant was asking the court to declare a statute unconstitutional; however, he did not serve a copy of the application for writ upon the attorney general's office as required by the Declaratory Judgments Act, TEX.CIV.PRAC. & REM.CODE ANN. § 37.006(b) (Vernon 1986). The Declaratory Judgments Act is purely a creature of civil law. It has no application in criminal proceedings. Moreover, we are aware of no authority that requires a defendant who is asserting a statute is unconstitutional to serve the Attorney General. The District Attorney is the State's representative in criminal proceedings and can adequately represent the State's interest in a constitutional challenge. This contention is also without merit.

■ In his first and second points of error, appellant claims that TEX.PENAL CODE ANN. § 46.02 (Vernon 1974), is unconstitutional in that it effectively regulates out of existence his right to bear arms, and that it proscribes conduct protected under the state constitutional right to bear arms in self-defense. TEX. CONST. art. I § 23.

Appellant has continually referred to his right to bear arms in self-defense as if the right were sacrosanct, never to be impinged upon. The right to bear arms is not absolute.

> In the absence of any evidence tending to show that possession or use of a shotgun ... has some reasonable relationship to the preservation or efficiency of a well regulated militia, we cannot say that the second amendment guarantees the right to keep and bear such an instrument.

*United States v. Miller*, 307 U.S. 174, 178, 59 S.Ct. 816, 818, 83 L.Ed. 1206 (1939).

In *Roy v. State*, 552 S.W.2d 827 (Tex. Crim.App.1977), the Court of Criminal Appeals had an opportunity to review constitutional challenges similar to those advanced

---

1. Article 4.12 has no application in the present case.

here by appellant, and summarily rejected them:

> We hold that § 46.02 is not violative of the constitutional right to keep and bear arms.

*Roy,* 552 S.W.2d at 830. *See also Masters v. State,* 685 S.W.2d 654, 655 (Tex.Crim. App.1985).

Appellant's first and second points of error are overruled.

In appellant's third point of error, appellant complains that § 46.02 exceeds the constitutional grant given to the legislature to regulate the wearing of arms. Appellant draws a distinction between the constitutional right to "keep and bear" arms and the legislative proscription against "carrying" weapons contained in § 46.02. This same point of error was addressed by the Court of Criminal Appeals in *Collins v. State,* 501 S.W.2d 876 (Tex.Crim.App.1973). The *Collins* court upheld the predecessor statute to § 46.02 against a challenge that the legislature is restricted to the regulation of the *wearing* of arms, and, therefore, a penal law regulating the *carrying about the person* of a pistol is proscribed by TEX. CONST. art. I, § 23.

> [Collins] argues, however, that under our present Constitution and the amendments thereto the Legislature is restricted to the regulation of the wearing of arms, and therefore, a penal law regulating the carrying about the person of a pistol is proscribed by the Constitution, Article I, § 23.
>
> \*     \*     \*     \*     \*     \*
>
> We hold that article 483, which makes it unlawful to "carry on or about his person ... any pistol ..." is not violative of the constitutional right of every citizen to keep and bear arms in the lawful defense of himself or the state, the Legislature having the power by law to enact such law with a view to prevent crime. (Citations omitted.)

*Collins,* 501 S.W.2d at 877–78. Appellant's third point of error is overruled.

■  In his final point of error, appellant asserts that § 46.02 is unconstitutionally

vague, where the term "on or about" is uncertain and leaves too much discretion to the arresting officer or prosecutor, and does not give the average person notice of the proscribed conduct. This complaint, too, was resolved by the Court of Criminal Appeals long ago.

In *Wagner v. State,* 80 Tex.Crim. 66, 188 S.W. 1001 (1916), Wagner was convicted pursuant to an information that alleged a pistol was carried on or about his person. The court affirmed, holding:

> We respectfully submit that the weight of authority is with the proposition that a pistol under or behind the cushion of a vehicle on which the driver sits is carried about the person.[2]
>
> The Legislature must have meant something when it used the words "or about the person," and, on principle, using the word "about" in its ordinary meaning taking into consideration the context and subject matter relative to which it is employed, the word, not being specially defined, must as we believe, be held to mean, within the pistol statute, nearby, close at hand, convenient of access, and within such distance of the party so having it as that such party could, without materially changing his position, get his hand on it....

*Wagner,* 188 S.W. at 1002. *See also Burks v. State,* 693 S.W.2d 747, 751 (Tex.App.— Houston [14th Dist.] 1985, pet. ref'd).

We hold that the language of § 46.02 prohibiting a person from "intentionally, knowingly, or recklessly carr[ying] on or about his person a handgun, illegal knife, or club," sets a standard sufficiently clear and definite so that an ordinary person knows what constitutes proscribed conduct. Appellant's fourth point of error is overruled.

The trial court's denial of habeas corpus relief is affirmed.

**2.** Appellant's counsel testified at the writ hearing that the weapon was located "behind the

seat" of appellant's vehicle.