MARCH 19, 2015

ABEL ACOSTA CLERK
SUPREME COURT BldG.
201 W 14th ST. Rm.106
AUSTIN, TEXAS 78711-2308

RECEIVED IN
COURT OF CRIMINAL APPEALS
MAR 25 2015 to CS

Abel Acosta, Clerk

DEAR MS. ACOSTA,

I AM THE PETITIONER IN THIS CONTROVERSY, WHERE THE DISTRICT CLERK Rhonda HughEY REFUSE TO PROCESS THE INSTRUMENTS THAT WAS FORWARD TO HER OFFICE. THE TEXAS CONSTITUTION ARTICLE V, SECT 8 And ARTicles 11.05, 11.08, And 11.23 STATES THAT THE WRIT OF HABEAS CORPUS IS GUARANTEED. PETITIONER IS NOT CHALLENGING HIS CONVICTION And THE DISTRICT CLERK IS ENFORCING A RULE IN VIOLATION OF THE TEXAS CONSTITUTION bY TELLING THE PETITIONER HE MUST USE THE 11.07 FORM BEFORE HE CAN PROCESS HIS WRITE.

MS. ACOSTA, YOU HAVE THE AUTHORITY TO PROCESS THE PETITIONERS WRIT IN THE TRIAL COURT. I AM REQUESTING THAT THE DISTRICT CLERK PROCESS THESE LEGAL INSTRUMENTS ATTACHED.

SINCERELY

/s/ _____

KEVIN MENNIEFF 1727174

C.C. FILED

RECEIVED IN
COURT OF CRIMINAL APPEALS
APR 17 2015 CLK

Abel Acosta, Clerk

February 24,2015


Rhonda Hughey
District Clerk
County Courthouse
100 W. Mulberry
Kaufman, Texas 75142


RE: FILING WRIT OF HABEAS CORPUS


Dear Ms.Hughey,


Enclose please find the following instructments to be filed IN YOUR
OFFICE for the district court's review of the merits.

1. Application for writ of habeas corpus
2. Request for legal representation
3. Notice of deposition by written questions
4.Deposition by written questions
5. Petition to take deposition to investigate potential claim
6. Request for a hearing

These are the original document's and a copy has be forward to
Mr.Dennis Patman Jones for his review.

Ms.Hughey, I want to thank you in advance for your assistance in this
urgent matter.


/S/ _____

c.c.filed                                    Kevin Menniefee

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| VS. | § | 86th JUDICIAL DISTRICT |
| KEVIN MENNIEFFE | § | KAUFMAN COUNTY, TEXAS |

## APPLICANT'S APPLICATION FOR A WRIT OF HABEAS CORPUS PURSUANT TO THE TEXAS CODE OF CRIMINAL PROCEDURE ARTICLE'S 11.01, 11.02, 11.04, 11.05, 11.08, 11.23, 11.42, and 11.43

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes, Kevin Menniefe, TDCJ-ID No. #1727174, appearing pro-se, thereafter referred to has the applicant, and he petitions said court pursuant to article's 11.01, 11.02, 11.04, 11.05, 11.08, 11.23, 11.42, and 11.43 of the Texas Code of Criminal Procedure. Also, pursuant to Article 1, section 12, of the Texas Constitution, and Article 5, section 8, of the Texas Constitution, that he presents his application for Writ of Habeas Corpus, to determine whether the State Court lacked jurisdiction of the subject matter or over the applicant, and is he illegally confined or restraint in his liberty within this courts jurisdiction. Applicant request that this court conduct an evidentiary hearing and obtain written deposition's from his trial attorney and the accomplice witness pursuant to article 39.02 and 39.06 of the Texas Code of Criminal Procedure.

### I.
### JURISDICTION

Pursuant to article's 11.01, 11.05, 11.08, 11.23, 11.23, 11.42, and 11.43 of the Texas Code of Criminal Procedure, this Court has jurisdiction to grant the relief requested herein. see EX PARTE POWELL, 558 SW.2d. 480,481 (Tex.Crim.App. 1977): and EX PARTE WILLIAMS 786 SW.2d. 781,782 (Tex.App.-Houston [ 1st Dist ] 1990, pet. ref'd ).

## SPECIAL STATEMENT TO THE COURT

Applicant is an indigent prisoner, layman of the law, acting without counsel, and as such requests that this court not to impose upon him the same high standard of the legal art which may be placed in a pleading to prepare and filed by a learned member of the State Bar. Applicant further request that this court will consider this pro-se applican tion in a manner that will do substantial justice, with a measure of tolerance, pursuant the opinion in HAYNES VS. KERNER, 92 S.Ct. 594 (1972).

## II.

## STATEMENT OF THE CASE

THE UNDERLYING PROCEEDINGS.   Applicant, Kevin Menniefee, is being held illegally in the Texas Department of Criminal Justice -ID, from a judgment interred in on Novemeber 17, 2010, in the 86th District Court, Kaufman County, Texas in cause no. 28736-86.

THE RESPONDENT'S.   The respondent's are the STATE OF TEXAS and applicant's trial attorney Dennis Patman Jones, of Kaufman County, Texas.

RESPONDENT"S ACTION.   Respondent illegally confined and restrainted applicant on April 30 2010, after the Honorable Howard V. Tygrett, presiding judge of the 86th Distrcit Court, of Kaufman County, Texas, rendered judgment in two separate trial's under one indictment in cause no. 28736-86.

APPLICANT'S RESTRAINED.   Applicant is illegally confined and restrainted in the Texas Department of Criminal Justice-ID by the respondent's in violation of the United States Constitution; Texas Constitution Article  1 § 10, to be indicted by a Grand Jury and the Statutory provision's setforth in the Texas Code of Criminal Procedure Ann. Articles §§ 1.04; 2.04; 2.05; 15.04; 11.23; and 21.22.

2.

III.

STATEMENT OF FACTS

Applicant's original indictment alleged that he committed aggravated robbery,, a frist degree felony, pursuant to the Texas Penal Code §§ 29.02 (a). On September 10,2010. the State of Texas amended the indictment to add §§ 29.03 (a)(3)(A), which are two separate and distinct offense's, amended by interpolate of the indictment alleging Hindering Apprehension or Prosecution as Count TWO . There was no "VICTIM" asserting a criminal complaint or accusing the applicant of a crime against the laws of the State of Texas. The information based upon the complaint did not allege that the applicant engaged in an affirmative act that promoted the commission of the offense that the applicant is accused of.

Under the Due Process Clause of the Fourteenth Amendment, an accused in state court has the right to the "presumption of innocence", i.e., the right to be free from criminal conviction unless the State can prove his guilt beyond a reasonable doubt by probative evidence adduced at trial. When a jury is told of the presumtion , it is told, in effect, to judge an accused's guilt or innocence solely on the basis of the evidence adduced at trial and not on the basis of suspicions that may arise from the fact of his arrest, indictment, or custody.

The burden of proof in all criminal cases rests upon the State throughout the trial and never shifts to the defendant. "All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that he has been arrested, confined, or indicted for, or other-wise charged with the offense gives rise to no inference of guilt at his trial. The law does not require a defendant to prove his innocence or produce any evidence at all. The presumption of innocence alone is sufficient to acquit the defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case. The prosecution has the burden of proving the defendant guilty and it must do so by proving each and every element of the offense charged beyond a reasonable doubt and if it fails to do so , the defendant must be acquitted.

3.

Defense Counsel's should explain the necessity of full disclosure of all facts known to his client for an effective defense. Counsel, should assume responsibilty for technical and legal, strategic and tactical issues, such as what witness to call, whether and how to conduct cross examination, what jurors to accept or strike, what motions to make, and what evidence to introduce. But counsel should consult with his client on these question's where such consultation is feasible.

It is fundamental that a defense counsel must be scrupulously candid and truthful in representations of any matter before a court, this is not only a basic ethical requirement but it is essential if the counsel is to be effective in his role of advocate for if counsel's reputation for veracity is suspect, he will lack the confidence of the court when it is needed most to serve his client. Applicant contends that his counsel failed his legal duties to represent his case in a court of law.


## CLAIM OF DEPOSITION OF DENNIS PATMAN JONES

Appellant was not fully informed of his legal rights when he was interr -ogated by the Forney Police Department. In which he did state that he was present at the scene of the crime. There was no evidence showing that the appellant engaged in an affirmative act of committing the alleged robbery or hinding the apprehension of John Mitchell. The complaint written by officer Shane Prewitt did not allege that the appellant robbed anyone. The trial court lack jurisdiction over the subject-matter. Officer Shane Prewitt, complaint was based upon an unfounded theory of the States prosecutor, and the appellant's presence at the scene of the crime did not include a culpable mental state or states of the offense.
Appellant request the deposition of written question's of his trial attorn -ey Dennis Patman Jones and John Mitchell to show that the trial court did not have jurisdiction over the appellant or over the case at bar.

4.

## V.

## RELIEF REQUESTED

In this writ of habeas corpus, appellant seeks to resolve the dispute of a legal question of law in cause no. 28736-86 (Trial)), which transpired during his pretrail and jury trial proceedings. Appellant request a written deposition from his trial attorney Dennis Patman Jones to resolv the disputed legal questions of law as the questions are a result of his professional judgment and reasonableness.

## VI.

## UNSWORN DECLARATION

I, Kevin Menniefee, #1727174, am presently incarcerated in the O.B. Ellis Unit, in Walker County, Texas. I declare under penalty of perjury that the facts stated in this document are true and correct.

EXECUTED ON FEBRUARY 24,2015.

/S/ _Kevin Menniefee_

Kevin Sharone Menniefee
#1727174   PRO-SE

## VII.

## CERTIFICATION OF SERVICE

I, Kevin Menniefee, #1727174, certify that I sent a copy of his "Application for a writ of habeas corpus pursuant to the Texas Code of Criminal Procedure, articles 11.01; 11.02; 11.04; 11.05; 11.08; 11.23; 11.42; and 11.43, through the U.S. Postal Service, to

on 2/24/15

Rhonda Hughey
District Clerk
County Courthouse
100 W. Mulberry
Kaufman, Texas 75142

RESPECTFULLY SUBMITTED

_Kevin Menniefee_

Kevin Menniefee, #1727174
O.B. Ellis Unit
1697 FM 980
Huntsville, Texas 77340

C.C. FILED

5.

February ___, 2015


Kevin Sharone Menniefee
TDCJ-ID NO. 1727174
O.B. Ellis Unit
1697 FM 980
Huntsville, Texas 77340


The Honorable Presiding Judge
The District Court
County Courthouse
100 W. Mulberry
Kaufman, Texas 75142


RE: Kevin S. Menniefee VS. The State of Texas
    Trial Court No. #28736-86   Count 1
    REQUEST FOR LEGAL REPRESENTATION


Your Honor,


    I, Kevin Menniefee, the undersigned, hereby certify under penalty of perjury that the following facts are true and correct to the best of my ability.


1. I am the appellant in the above – named matter and desire the assistance of counsel in this proceedings.

2. Appellant represent to the court that his request for deposition by written question(s) are essential to the interest of justice in this case, and failure to consider appellant's request will result in a substantial miscarriage of justice.

3. Appellant represent to the court that it is beneficial for the court to appoint an private investigator to obtain the facts in support of the deposition.

4. Appellant represent to the court that the issues raised in his writ of habeas corpus will determine the trial courts jurisdiction and the subject-matter that the appellant believes are meritorious.

5. Appellant represent to the court that without the courts rendition of judgment, appellant will suffer a remedy at law and access to the court's.

6. Appellant represent to the court that he is without money or means with which to employ an attorney, and so he is unable financially to retain counsel for himself.

    Therefore, Appellant pray that the court provide counsel in his behalf.


                                        /s/ _____
                                        Kevin S. Menniefee, #1727174   PRO-SE

CAUSE NO. _____

KEVIN SHARONE MENNIEFEE         §    IN THE DISTRICT COURT

VS.                                   §    86th JUDICIAL DISTRICT

DENNIS PATMAN JONES ,           §    KAUFMAN COUNTY, TEXAS

KEVIN S. MENNIEFEE'S NOTICE OF DEPOSITION BY WRITTEN QUESTION(S)

TO: Dennis Patman Jones
    Attorney at Law
    201 W. Mulberry
    Kaufmant, Texas 75142
    (972) 962-8800
    (972) 962-3733
    State Bar No. 10869880

1. Please take notice that, under Texas Code of Criminal Procedure, Articles §§ 39.02; 39.03; 39.04; and 39.04, the formalities are govern by the Texas Rule of Civil Procedure 200.4. Kevin Menniefee, will take the deposition by written question's of Dennis Patman Jones, on _____ at _____ at the county courthouse, 100 W. Mulberry, Kaufman, Texas 75142.

2. The deposition will continue from day to day until completed.

3. The deposition will be taken by the Distirct Judge, at the county courthouse, in Kaufman, Texas.

CERTIFICATE OF SERVICE

This is to certify that on the file date a true and correct copy of the above and foregoing document was served on the District clerk Rhonda hughey, county courthouse, 100 W. Mulberry, Kauman, Texas 75142.

/S/ _____

Kevin S. Menniefee #1727174
Appearing Pro-Se
O.B. Ellis Unit
1697 FM 980
Huntsville, Texas 77340

C.C. FILED

CAUSE NO. _____

KEVIN SHARONE MENNIEFEE                    §        IN THE DISTRICT COURT

VS.                                         §        86th   JUDICIAL DISTRICT

DENNIS PATMAN JONES                         §        KAUFMAN COUNTY, TEXAS


DEOP
DEPOSITION BY WRITTEN QUESTION(S)

1. Please state your full name, occupation, and official title.

ANSWER:


2. Are you the custodian of records for the title cause no. Kevin Menniefee vs The State of Texas  28736-86 ?

ANSWER:


3. What were the charges against Kevin Menniefee  ?

ANSWER:


4. Did you represent Kevin Menniefee in a jury trial on November 15, 2010  thru November 18 2010, in cause no. 28736-86 ?

ANSWER:


5. Did you represent Kevin Menniefee in both charges ?

ANSWER:


6. Why did Kevin Menniefee have separate trial's on these two charges ?

ANSWER:


7. At what point did the State of Texas amended Kevin Menniefee's indictment to add another criminal charge ?  Please give the date.

1.

ANSWER:


8.  Did you file a motion to "ELECT" on your client Menniefee behalf ?

ANSWER:


9.  Did you file a motion to quash the indictment pursuant to art. 28.05 of the Tex. Code of Criminal Procedure ?          ANSWER:

10. Did your client Menniefee ever tell you Mr.Jones that the co-defendant John Mitchell, "Told him to stop the car, and for him to go jack that lady, (the victim), and he told Mitchell 'hell' no" ?


ANSWER:


11. Mr. Jones, in your professional opinion, were both criminal charges from the same episode ?  Does the misjoinder occur and constitute fundamental error ?

ANSWER:


12. Mr. Jones, in your professional opinion should a motion to dismiss the indictment been filed ?


ANSWER:


13. Was there a motion in limine filed in your client Menniefee's behalf ?


ANSWER:


14. Mr. Jones, did you object to your client Menniefee's amended indictment ? If so, give a date ?


ANSWER:


11.

15. Mr. Jones, in your professional opinion, were the charges separate and distinct offense's ?

ANSWER:


16. Mr. Jones, in your professional opinion, was your client Menniefee in formed of the nature and cause of the accusation against him ?

ANSWER:


17. Mr. Jones, did the complaint allege that your client Menniefee engaged in an affirmative act that promoted the commission of either of the two offense's that he has been convicted of ?

ANSWER:


18. Mr. Jones, did the grand jury assest whether there was probable cause to believe that your client Menniefee committed both these charges ?

ANSWER:


19. Mr. Jones, did you make any objections to the complaint or the indictment before the date the trial commenced ?


20. Mr. Jones, in your professional opinion, is your client Menniefee guilty of the charges that he has been charged with ?

3

CAUSE NO. _____

IN RE KEVIN SHARONE MENNIEFEE, §        IN THE DISTRICT COURT
Petitioner.                     §
                                §        OF KAUFMAN COUNTY, TEXAS
                                §
                                §        86th JUDICIAL DISTRICT
                                §

NOTICE TO DEPONENT OF HEARING ON
PETITIONER KEVIN MENNIEFEE'S PETITION TO INVESTIGATE CLAIM

TO: Dennis Patman Jones, 201 W. Mulberry, Kaufman, Texas 75142.

Petitioner, Kevin Menniefee, has filed the attached petition asking the court for permission to take your deposition on written questions to investigate a potential claim by petitioner, and the court will consider the motion on this _____
AT this time_____.

RESPECTFULLY SUBMITTED

/S/ _____
Kevin Sharone Menniefee #1727174

CERTIFICATION OF SERVICE

I, Kevin Menniefee, #1727174, certify that I sent a copy of his Verified petition to take deposition to investigate potential claim, through U.S. Postal service, to the depose Dennis Patman Jones, 201 W. Mulberry, Kauman, Texas 75142. Phone no. (962) 962-8800 on February __2∨__, 2015.

/S/ _____
Kevin Sharone Menniefee #1727174
O.B. Ellis
1697 FM 980
Huntsville, Texas 77340
  Appearing Pro-Se.

C.C.FILED

CAUSE NO. _____

KEVIN SHARONE MENNIEFEE,  §  IN THE DISTRICT COURT

VS.  §  86th JUDICIAL DISTRICT

DENNIS PATMAN JONES,  §  KAUFMAN COUNTY, TEXAS

PETITIONER KEVIN MENNIEFEE'S VERIFIED

PETITION TO TAKE DEPOSITION TO INVESTIGATE POTENTIAL CLAIM

Petitioner, Kevin Menniefee, asks the court for permission to take a deposition on writen questions of Dennis Parman Jones, to investigate a potential claim by petitioner as allowed by Texas Rule of Civil Procedure 202.

1. Petitioner, Kevin Menniefee, is a State prisoner confined to the Texas Department of Criminal Justice, at the O.B. Ellis Unit, in Walker County, Texas.

FACTS

2. Dennis Patman Jones, is the trial attorney that repersented the petitioner in his jury trial, in the 86th Judicial District Court, Kaufman County, Texas.

3. Petitioner, seeks to depose Dennis Jones to investigate a potential claim by petitioner arising out of Mr.Jones representation during petitioner's pre-trial proceedings and jury trial from Novemeber 1,2010 through November 18,2010.

4. This petition is filed in the 86th Judicial District Court, Kaufman County, Texas, where Dennis Jones practice law as an attorney.   see Tex.R.Civ.P. 202.2(b)(2).

REQUEST TO DEPOSE

5. Petitioner, asks the court to issue an order authroizing him to depose Dennis Jones, who resides at 201 W. Mulberry, Kaufman, Texas 75142, and whose telephone number is (972) 962-8800; (972) 962-3733. State Bar no. 10869880.

1.

6. Petitioner expects to elicit the following testimony from Dennis Jones, what was his trial strategy when he did not allow the accomplice witness John Michell to testify in the petitioner's behalf, and his involvement in robbing the victim ?  Why, din't Mr.jones interview John Mitchell before trial to obtain an affidavit ? And "WHY" didn't Mr.Jones, interview any of the State's witnesses and obtaiñ an affidavit from them as to the witnesses facts as to what they saw ?

7. Petitioner needs to depose Dennis Jones because he did not investigate the facts and petitioner's innocence that was clearly presented at his jury trail.

### HEARING

8. After service of the petition and notice, Rule 202.3(a) requires the court to hold a hearing on the petition.

9. At the hearing, the petitioner will show that the likely benefits of allowing the dep-osition to investigate a potential claim outweighs the burden or expense of the procedur see Texas Rule of Civil Procedure 202.4(a).

### PRAYER

10. For these reasons, petitioner asks the court to set this petition for hearing and, after the hearing, order the deposition of Dennis Patman Jones.

RESPECTFULLY SUBMITTED

KEVIN SHARONE MENNIEFEE  Apearing pro-se

2.

# VERIFICATION

STATE OF TEXAS            §

COUNTY OF WALKER          §


Before me, the undersigned notary, on this day, personally appeared Kevin Menniefee, a person whose identity is known to me. After I administered an oath to him, upon his oath, he said he read the "Verified petition to take deposition to investigate potential claim" AND that the facts stated in it are within his personal knowledge and are true and correct.

/S/ _____
Kevin Sharone Menniefee #1727174
Appearing Pro-Se.

## UNSWORN DECLARATION

I, Kevin Menniefee, 1727174, am presently incarcerated in the O.B. Ellis Unit, in Walker County, Texas. I declare under penalty of perjury that the facts stated in this document are true and correct.

EXECUTED ON February 24, 2015.

/S/ _____
Kevin Menniefee #1727174  pro-se


## CERTIFICATION OF SERVICE


I, Kevin Menniefee, #1727174, certify that I sent a copy of his Verified petition to take deposition to investigate potential claim, through U.S. Postal service, to the depose Dennis Patman Jones, 201 W. Mulberry, Kaufman, Texas 75142. Phone no. (962) 962-8800 on February 24 , 2015.

/S/ _____
Kevin Sharone Menniefee #1727174
O.B. Ellis Unit
1697 FM 980
Huntsville, Texas 77340
Appearing Pro-Se

C.C. FILE

3.