JOHN HUFF v. THE STATE.

No. 3539. Decided May 8, 1907.

**Carrying Pistol—Criminal Intent—Insufficiency of Evidence.**

Where upon trial for unlawfully carrying a pistol the evidence showed that the defendant was directed by his employer to take the pistol to the latter's store, which instruction the defendant was carrying out when arrested, there was no offense.

Appeal from the County Court of McCulloch. Tried below before the Hon. C. A. Wright.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*Walker, Adkins & Walker,* for appellant.—Sanderson v. State, 5 S. W. Rep., 138; Hardy v. State, 40 S. W. Rep., 299; Brooks v. State, 15 Texas Crim. App., 88.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted for carrying a pistol, and his punishment assessed at a fine of $100.

The evidence in this case, in substance, shows that appellant was arrested with a 38-caliber pistol in his hand on a public street. His defense was that his employer directed him to take his pistol, which was in the employer's store, and leave it at another store in the same town so that the employer could get same the next day. While going along the street, in the general direction of the place where he was instructed to leave the pistol, holding the pistol in his hand, appellant was arrested by an officer. We do not think these facts authorize a conviction for unlawfully carrying a pistol. It shows a clear lack of criminal intent. Cordova v. State, 97 S. W. Rep., 87.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*