## H. S. LEBMAN v. THE STATE.

No. 18178.    Delivered May 27, 1936.

The opinion states the case.

*Schlesinger, Schlesinger & Goodstein* and *Leonard Brown,* all of San Antonio, for appellant.

*John R. Shook, Jr.,* Criminal District Attorney, *Paul J. Kilday,* First Assistant District Attorney, and *Leroy Jeffers,* Assistant District Attorney, all of San Antonio, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of a machine gun; the punishment, confinement in the penitentiary for five years.

The prosecution proceeded under Chap. 82, Acts of the First Called Session of the 43rd Legislature, denouncing the possession or use of a machine gun. The indictment charged, in substance, that appellant unlawfully possessed a machine gun.

Appellant made saddles and harness, and repaired guns. On the 28th of April, 1934, agents of the Department of Justice of the United States discovered a machine gun in his place of business in the city of San Antonio.

The statute under which the conviction was had became effective October 25, 1933. The testimony of appellant's witnesses was to the effect that he received the gun prior to the effective date of the statute for the purpose of repairing it and making it "full automatic." Albert Hausser, who was sheriff of Bexar County at the time appellant received the gun, was introduced as a witness for appellant. His testimony was to the effect that appellant asked him what disposition to make of the gun when the statute denouncing the possession of machine guns became effective. He told appellant to hold said gun and to notify him (the witness) when the owner came for it. At the time appellant told the sheriff who owned the gun, but he was unable to recall the name. A witness, who worked for appellant, testified that said gun had come to appellant by express. He said appellant directed him to repair the gun.

Appellant timely and properly excepted to the charge of the court for its failure to instruct the jury to acquit him if they entertained a reasonable doubt as to whether he was holding said machine gun under the instructions of the sheriff until the owner called for it. We think said instruction should have been given. Appellant's possession of the gun prior to the time the statute in question took effect was legal. If, after the statute took effect, appellant's only purpose in retaining possession of said gun was to carry out the instructions of the sheriff

to hold it and notify him (the sheriff) when the owner came for it, the statute was not violated.

Art. 666, P. C., which has been repealed, provided, among other things, that it was unlawful to transport spirituous, vinous or malt liquors, etc. In White v. State, 29 S. W. (2d) 387, it is shown that officers found in White's car a quantity of whisky. A conviction for transporting intoxicating liquor ensued. The defensive testimony was to the effect that the whisky did not belong to White but had been left at his filling station by a stranger, and that he (White), not knowing what to do with same, decided to take it to his brother and ask him what to do with it; that while moving the whisky to his brother's place his car was searched by officers. The court declined to charge the jury to acquit if they believed White's only purpose was to get the whisky away from his garage and transport same to a destination where he could seek advice about it before determining its disposition. In concluding such an instruction should have been given, this court, speaking through Judge Martin, used language as follows: "If appellant's purpose was only to get the whisky away from the garage and transport same to a destination where he could seek advice about it before determining its disposition, he would violate no law and this defense should have been pertinently submitted."

In Ramas v. State, 47 S. W. (2d) 849, it is shown that the defensive testimony supported the theory of Ramas that the whisky he was charged with having transported was being removed by him from the school grounds where he had discovered it to the county seat for the purpose of delivering it to the officers for proper disposition. In that case we said: "If appellant's purpose was only to move the whisky away from the school grounds and transport it to a destination where he could deliver it to the officers for proper disposition, he violated no law, and this defense should have been pertinently submitted."

It is observed that at the time the decisions in the foregoing cases were rendered the statutory purposes for which intoxicating liquors might be lawfully transported were restricted solely to the transportation thereof for medicinal, mechanical, scientific and sacramental purposes.

Although not exempted by statute from the operation of Art. 483, P. C., denouncing the carrying of a pistol, one may lawfully carry a pistol in order to deliver it to a party to whom he sold it. Upton v. State, 26 S. W., 197. Some of the

426

other acts relative to carrying a pistol and held by this court not to be unlawful, although not exempted by statute from the operation of the law, are noted in Deuschle v. State, 4 S. W. (2d) 559. We quote from said case as follows:

"A weapon may be lawfully carried to one's home, place of business, or to a repair shop for the purpose of repairing it. Mangum v. State (Texas Crim. App.), 90 S. W., 31; Roberts v. State, 60 Texas Crim. Rep., 112, 131 S. W., 321; Morris v. State, 73 Texas Crim. Rep., 67, 163 S. W., 709; Fitzgerald v. State, 52 Texas Crim. Rep., 266, 106 S. W. 365, 124 Am. St. Rep., 1095. Or a pistol may be carried from store to store in search of ammunition. Waddell v. State, 37 Texas, 354. Or at the direction of his employer an employee may carry to another store. Huff v. State, 51 Texas Crim. Rep., 441, 102 S. W., 407."

We think the holdings in the cases to which reference has been made support our conclusion that the charge appellant requested, or one of similar import, should have been given.

We pretermit a discussion of the question as to whether the statute is violative of section 23, Art. 1, of the Constitution of Texas, guaranteeing to every citizen the right to keep and bear arms in the lawful defense of himself or of the State.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.