## CHARLES WALTER MORRISON V. STATE

No. 32,018. June 1, 1960

Motion for Rehearing Overruled October 12, 1960

Second Motion for Rehearing Overruled November 9, 1960

*Shelton W. Booth,* Dallas 2, for appellant.

*Henry Wade,* Criminal District Attorney, *Jerome V. Chamberlain, Jr., Robert E. Lyle, Phil Burleson,* Assistants District Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is the unlawful possession of a machine gun; the punishment, 2 years.

The indictment drawn under Art. 489b V.A.P.C. alleged that appellant did "unlawfully possess a machine gun, to-wit a weapon from which more than five (5) shots or bullets may be automatically discharged from a magazine by a single functioning of the firing device."

Art. 489b V.A.P.C., Sections 1, 2 and 4, read as follows:

"Section 1. 'Machine gun' applies to and includes a weapon of any description by whatever name known, loaded or unloaded, from which more than five (5) shots or bullets may be automatically discharged from a magazine by a single function of the firing device.

" 'Person' applies to and includes firm, partnership, association or corporation."

"Section 2. Whosoever shall possess or use a machine gun, as defined in Section 1, shall be guilty of a felony and upon conviction thereof, shall be confined in the State Penitentiary, for not less than two (2) nor more than ten (10) years."

"Section 4. Nothing contained in Section 2 of this Act shall prohibit or interfere with:

"1. The possession of machine guns by the military forces or the peace officers of the United States or of any political subdivision thereof, or the transportation require for that purpose.

"2. The possession of a machine gun for scientific purpose, or the possession of a machine gun not usable as a weapon and possessed as a curiosity, ornament, or keepsake.

"3. The possession of machine guns by officials and employees of the Texas State Prison System."

The evidence is undisputed that appellant had in his possession and fired into his wife's automobile the weapon admitted in evidence as a State's Exhibit. The evidence from the standpoint of the state was to the effect that appellant's wife was in the automobile at the time the shots were fired. Appellant testified that she was out of the car and out of the line of fire, and that he fired some 12 shots into the automobile in an effort to keep his wife at home with her children by destroying the automobile.

Appellant identified the weapon introduced as the one he fired into the automobile. He testified that he doubted "it would fire over four or five shots at a time" because it was old and worn. He further testiifed that the gun was manufactured in 1936 or 1937 and that he traded for it from a fellow service man who picked it up at the Battle of the Rhine; that it was among the last automatic weapons that American troops acquired as souvenirs; that it was packed in cosmolene in water proof paper when he traded for it and was not assembled, and that he stored it in a cedar chest with souvenirs he brought back from overseas.

On the date alleged in the indictment appellant was separated from his wife and a divorce suit was pending. Prior to the trial the divorce had been granted.

Appelant admitted that he went to the house where his wife was living and, failing to get an answer when he knocked, tore the screen and entered through a window. He testified that he "had the machine gun with him" in the house and that he loaded it in the house.

The weapon, identified by appellant and by the officer who found it in an alley where appellant had thrown it, was examined and tested by Lieutenant Floyd Alexander of the City-County Criminal Investigation Laboratory at Parkland Hospital.

Lt. Alexander, after stating his qualifications, experience and training in firearms, testified that the weapon in evidence was classified as a sub-machine gun—a German gun—"it's a Schmisser—calibre nine millimeter"; that the magazine would hold 32 cartridges; that the gun was capable of firing more than 5 shots or bullets automatically from the magazine by a single functioning of the firing device—"pulling down the trigger, in this position, and holding it there. It will shoot as long as you hold it."

Lt. Alexander further testified that in testing the weapon he "put a full clip in the gun, * * * pulled the trigger * * * held it down and emptied the clip just holding it down."

Appellant filed a motion to quash the indictment contending that Art. 489b V.A.P.C., which makes the mere possession of a machine gun an offense, violates Art. 1, Sec. 23 of the Constitution of Texas, which provides:

"Every citizen shall have the right to keep and bear arms in the lawful defense of himself or the State; but the Legislature shall have power, by law, to regulate the wearing of arms, with a view to prevent crime."

Other than the cited case of Lebman v. State, 130 Tex. Cr. R. 423, 94 S.W. 2d 1166, the question does not appear to have been previously presented to this court. The opinion reversing and remanding Lebman's conviction on other grounds states that a discussion of the constitutionality of the statute was pretermitted.

The case was reversed and remanded and not ordered dismissed, hence the opinion does not indicate that the court was persuaded that the statute was unconstitutional.

A machine gun is not a weapon commonly kept, according to the customs of the people and appropriate for open and manly use in self defense.

Under the rule stated by Judge Gould in State vs. Duke, 42 Tex. 455, the statute does not offend Section 23 of Art. 1 of the Constitution of Texas for this reason.

Art. 489b V.A.P.C. making it an offense to possess a machine gun was designed to outlaw a weapon ordinarily used for criminal and improper purposes.

That such was the design of Art. 489b V.A.P.C. is clearly shown by the emergency clause of the Act, which recites: "The fact that there are many gangsters purchasing machine guns in Texas, causing a menace to the citizenry of Texas, creates an emergency * * * ."

The modern tendency in other jurisdictions is to affirm the constitutionality of such a statute. 94 C.J.S., Sec. 2, p. 476.

In People v. Brown, 253 Mich. 537, 235 N.W. 245, 82 A.L.R. 341, the appeal was from a conviction under a statute which, among other things, made it unlawful to possess a machine gun or a blackjack. The statute was attacked as violative of the Constitution of Michigan which provided "Every person has a right to bear arms for the defense of himself and the State."

The Michigan statute, like Art. 489b V.A.P.C., excepted peace officers and other classes of persons. The Michigan Constitution, unlike Section 23 of Art. 1 of the Texas Constitution, contained no specific grant of power to the legislature to regulate by law the wearing of arms, with a view to prevent crime.

The Supreme Court of Michigan, citing the holding of the Supreme Court of Texas in State v. Duke, supra, stated that the list of weapons possession of which was made unlawful demonstrated a definite intention of the Michigan Legislature to protect society from a recognized menace and held that the statute was within the reasonable and constitutional exercise of the police power of the state to curb crime.

The Michigan Supreme Court pointed out that such list of weapons was "a partial inventory of the arsenal of the 'public enemy,' the gangster" and described "some of the * * * weapons with which he wars on the state and reddens his murderous trail," but that the list did not include those arms which by the common opinion and usage of law-abiding people, are proper and legitimate to be kept upon private premises for the protection of persons and property.

We hold that the statute making it unlawful to possess a machine gun is not violative of the constitutional right of every citizen to keep and bear arms in the lawful defense of himself or the state, the legislature having the power by law to enact such law with a view to prevent crime. Art. 1, Section 23, Constitution of Texas.

A novel situation is shown by the record concerning a prior trial and conviction of appellant for assaulting his wife with the machine gun.

Trial upon said indictment resulted in a jury verdict and judgment finding appellant guilty of assault with intent to murder *without malice,* and assessing a *five* year suspended sentence.

Appellant took the position that such judgment was invalid, and upon hearing in advance of the trial for possessing a machine gun, the court ruled that he could again make application for suspended sentence. The application for suspended sentence was filed and the issue submitted to the jury, but the jury did not see fit to recommend suspension of sentence.

Appellant contends that his motion to quash the indictment on the ground that his conviction of assault with intent to murder was for the same offense and further prosecution would constitute double jeopardy, contrary to Section 14 of Art. 1 of the Constitution of Texas, should have been granted.

It thus appears that appellant attempts to escape the consequences of a conviction with sentence suspended on the prosecution for assault with intent to murder, in order that he might again apply for a suspended sentence, and at the same time relies upon such conviction for assault with intent to murder as a basis for a plea of former jeopardy.

We need not here pass upon the validity of the suspended sentence in the former case. Suffice it to say that the trial court did not err in overruling the unverified plea that prosecution for possession of the machine gun was barred under the theory of double jeopardy.

The evidence is sufficient to sustain the jury's verdict and we find no reversible error.

The judgment is affirmed.

### On Motion for Rehearing

MORRISON, Presiding Judge.

On original submission we declined to pass on the question of jeopardy because the plea was not verified. In this we were undoubtedly correct. 16 Tex. Jur. 2nd, Secs, 320, 321, pp. 499, 500. We do, however, call attention to the fact that the maximum punishment for assault with intent to murder without malice is three years and that in the prior conviction appellant was assessed a punishment of five years. If void because in excess of the maximum provided by law, the same might not form the basis for a plea of former jeopardy.

Appellant's motion for rehearing is overruled.