L.A. FORD, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–92–01210–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 23, 1993.

Rehearing Denied Jan. 20, 1994.

Bill Payne, Bryan, Robert Hughes, Jr., Houston, for appellant.

Bill R. Turner, Bryan, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

Appellant, L.A. Ford, was convicted of possession of a short-barrel firearm which police found on the floorboard of his car. The jury sentenced him to ten-years confinement and fined him five thousand dollars, but suspended the sentence because appellant had no prior felony convictions. We affirm the judgment of the trial court.

Appellant raises four points of error. In points of error one through three, appellant contends that the trial court erred by not granting his Motion to Quash Indictment because: 1) sections 46.01(5) and 46.01(10) of the Texas Penal Code are so ambiguous that they violate his constitutional right to due process; 2) section 46.06(a)(3) of the Texas Penal Code violates his right to bear arms; and 3) he was improperly charged because, as a matter of law, he was in possession of a handgun. In his fourth point of error, appellant claims that the evidence was insufficient to establish that he knowingly possessed a sawed-off shotgun.

At the crux of appellant's assertions are the Texas Penal Code definitions of a short-barrel firearm and a handgun. Section 46.-01(10) of the Texas Penal Code defines short-barrel firearm to include "a shotgun with a barrel length of less than 18 inches, or any weapon made from a shotgun ... if, as altered, it has an overall length of less than 26 inches." TEX.PENAL CODE ANN. § 46.01(10) (Vernon 1989). Section 46.06 makes possession of a short-barrel firearm a second-degree felony. TEX.PENAL CODE ANN. §§ 46.-06(a)(3), (e) (Vernon 1989 & Supp.1993). A handgun is defined to be "any firearm that is designed, made, or adapted to be fired with one hand." TEX.PENAL CODE ANN. § 46.01(5) (Vernon 1989). Possession of a handgun is a Class A misdemeanor. TEX.PENAL CODE ANN. § 46.02 (Vernon 1989).

The reason for the difference between the punishment for carrying a handgun and for the possession of a short-barrel firearm is explained in the statutory comments. Handguns have "lawful as well as unlawful uses", and, therefore, the carrying of a handgun is punishable as a Class A misdemeanor. Seth S. Searcy III & James R. Patterson, Practice Commentary, TEX.PENAL CODE ANN. § 46.02 (Vernon 1989). The possession of a short-barrel firearm is a second-degree felony because a short-barrel firearm has "little or no lawful use." *Id.*, TEX.PENAL CODE ANN. § 46.06 (Vernon 1989).

Appellant's first three points of error arise as a result of the trial court's denial of his Motion to Quash Indictment. In his Motion to Quash Indictment, appellant objected that the Texas Penal Code sections 46.06(a)(3) and 46.01(10) are vague and overbroad because the weapon he was convicted of possessing fits the definitions of both a handgun and short-barrel firearm. Because of the uncertainty as to how his weapon should be classified, appellant contends that he could not have known that his conduct was prohibited. As a result, appellant claims that his constitutional right to due process was violated. Appellant, admittedly, did not receive a ruling on his Motion to Quash Indictment.

■ We may dismiss appellant's first three points of error because he did not properly preserve these issues for appeal. Nothing is presented for appellate review when the appellate record fails to show that the Motion to Quash Indictment was called to the court's attention or that a ruling was obtained. *Young Sun Lee v. State*, 681 S.W.2d 656, 660 (Tex.App.—Houston [14th Dist.] 1984, pet. ref'd). Article 1.14(b) requires the defendant to object to a defect, either of form or of substance, in an indictment prior to trial or the defect is waived. TEX.CODE CRIM.PROC.ANN. art. 1.14(b) (Vernon Supp.1993). In his Motion to Quash Indictment, appellant neither alleged a violation of his constitutional right to keep arms, nor did he complain that he was improperly charged as alleged in points of error two and three. In addition, appellant did not receive a ruling on point of error one, which was raised in the motion. Therefore, appellant waived points of error one, two, and three.

■ In addition to the procedural reasons for overruling appellant's first three points of error, we also do not believe that they are substantively valid. The statutory definitions are neither vague nor in conflict, as alleged in appellant's first point of error. The mere fact that a weapon may be defined as a handgun does not disqualify it from also being a short-barrel firearm. A weapon under twenty-six inches in length adapted from a shotgun makes it a short-barrel firearm regardless of whether it can be fired with one hand. Furthermore, possession of a weapon adapted from a shotgun may be punished differently from a weapon classified as a handgun because such weapons have limited lawful uses. *See* Seth S. Searcy III & James R. Patterson, Practice Commentary, TEX.PENAL CODE ANN. § 46.06 (Vernon 1989). The standards set forth by the statutory scheme are sufficiently clear and definite that an ordinary person knows what constitutes proscribed conduct. *See Ex Parte Williams*, 786 S.W.2d 781, 783 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd).

In his second point of error, appellant claims that his constitutional right to keep and bear arms has been violated. *See* TEX.

CONST. Article I, § 23. Appellant relies on a very old Supreme Court case upholding the right of persons to have weapons that "are commonly kept, according to the customs of the people, as well as such as are proper for the defense of the state." *State v. Duke,* 42 Tex. 455, 458 (1875). Appellant argues that his weapon, whether it is a short-barrel firearm or a handgun, is one that is commonly kept by people for the defense of the state. Appellant contends that the trial court's failure to grant his Motion to Quash Indictment was reversible error because he was in possession of a constitutionally protected weapon.

 We do not believe that appellant's right to bear arms has been violated. The right to bear arms is not absolute. *Ex Parte Williams,* 786 S.W.2d at 782. The legislature may regulate the possession of arms to prevent crime. *Morrison v. State,* 170 Tex. Crim. 218, 339 S.W.2d 529, 532 (App.1960). In *Morrison,* the Court of Criminal Appeals upheld a statute that prohibited machine guns which was enacted to respond to the menace of gangsters wielding machine guns. *Id.* at 531. Similarly, we uphold section 46.-06, as applied to short-barrel firearms, because they are ordinarily used for criminal and improper purposes and have very limited legal uses. *See* Seth S. Searcy III & James R. Patterson, Practice Commentary, TEX.PE-NAL CODE ANN. § 46.06 (Vernon 1989). Because the jury found that appellant was in possession of a short-barrel firearm, we need not consider appellant's contention that he was in possession of a handgun.

 In appellant's third point of error, he argues that the trial court erred by not granting his Motion to Quash Indictment because the defendant should have been charged with possession of a handgun under section 46.02 of the Texas Penal Code. TEX.PENAL CODE ANN. § 46.02 (Vernon 1989). Appellant claims, as a matter of law, he was in possession of a handgun because his weapon could be both a handgun and a short-barrel firearm. Because of this supposed irreconcilable conflict between the definitions

of a handgun and a short-barrel firearm, appellant argues that due process mandates that he be charged with the lesser offense.

As previously discussed, we do not find the definitions or punishments prescribed in the controverted sections of chapter 46 to be vague or in conflict. *See* TEX.PENAL CODE ANN. §§ 46.01(5), (10), 46.02, 46.06 (Vernon 1989 & Supp.1993). The jury determined that appellant possessed an altered shotgun that was less than twenty-six inches in length. The possibility that appellant's weapon could be fired with one hand does not preclude it from being a short-barrel firearm.

In his final point of error, appellant asserts that the evidence was insufficient to support his conviction. Specifically, appellant claims the evidence was insufficient to prove that he had the requisite criminal intent because there was no direct evidence that he knew that the weapon had been modified from a shotgun. Appellant contends that he did not know the weapon's original form because it had belonged to his wife in its present configuration.

 In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the prosecution and consider whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Garrett v. State,* 851 S.W.2d 853, 857 (Tex.Crim. App.1993). We do not reevaluate the weight and credibility of the evidence, but act only to ensure that the jury reached a rational decision. *Muniz v. State,* 851 S.W.2d 238, 246 (Tex.Crim.App.1993).

 Sufficient evidence was produced at trial for the jury to determine that appellant knew that he possessed a modified shotgun. Appellant's gun was less than twenty inches in length. It had a single barrel and was loaded with a .410 gauge shotgun shell. There were hacksaw marks on the end of the barrel, and the forearm appeared to have been remade. The original stock had been altered to a semi-pistol grip. Furthermore, the jury was able to observe the conspicuous-

ness of the modifications because the weapon was introduced into evidence at trial. A rational jury could have concluded beyond a reasonable doubt that appellant was aware he possessed a modified shotgun under twenty-six inches in length. Appellant's fourth point of error is overruled.

The judgment of the trial court is affirmed.