IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-93-242-CR




GENE DELACRUZ,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT



NO. 0925756, HONORABLE FORTUNATO P. BENAVIDES, JUDGE PRESIDING



 





 This appeal is taken from a conviction for an assault causing serious bodily injury
to a child under the age of fourteen years. Tex. Penal Code Ann. § 22.04(a)(1) (West 1994). (1) 
In a bench trial, appellant Gene DeLaCruz was convicted. The trial court assessed punishment
at fifty-five years' imprisonment.

 Appellant advances three points of error. In the first two points of error, appellant
challenges the legal sufficiency of the evidence to sustain the conviction. In the third point of
error, appellant complains that the trial court erred in failing to quash the indictment. We will
affirm the conviction.

 We shall consider the last point of error first in our discussion. In his third point
of error, appellant contends that the trial court "erred in failing to quash the indictment for a
violation of the Texas Code of Criminal Procedure Section 21.24." Appellant refers us to article
21.24(b) of the Texas Code of Criminal Procedure, which provides: "a count may contain as many
separate paragraphs charging the same offense as necessary, but no paragraph may charge more
than one offense." Tex. Code Crim. Proc. Ann. art. 21.24(b) (West 1989). The indictment
charged in one paragraph that on or about September 8, 1992, appellant:



did then and there knowingly and intentionally cause serious bodily injury to
Lindsey Beth Ochoa, a child younger than fourteen (14) years of age, by squeezing
the abdomen of the said Lindsey Beth Ochoa with his hands, by rubbing the
abdomen of said Lindsey Beth Ochoa with his hands and an object the description
of which is to the Grand Jury unknown and in a manner and by a means which are
to the Grand Jury unknown, and by striking the said Lindsey Beth Ochoa with his
hands and a blunt object, the description of which is to the Grand Jury unknown
and in a manner and by a means which are to the Grand Jury unknown.



In his "motion to quash the information" [apparently meaning indictment], appellant urged that
the indictment had erroneously alleged three distinct manner and means of committing the alleged
offense in one count and paragraph in violation of article 21.24.

 It is clear that the State may aver in separate paragraphs of an indictment each of
the various ways in which a single offense charged may have been committed. Martinez v. State,
498 S.W.2d 938, 943 (Tex. Crim. App. 1973); Offor v. State, 749 S.W.2d 946, 952 (Tex.
App.--Austin 1988, pet. ref'd, untimely filed). In fact, article 21.24(b) expressly authorizes this
form of allegation. Offor, 749 S.W.2d at 952; see also Collins v. State, 780 S.W.2d 176, 183
n.12 (Tex. Crim. App. 1986). Appellant, however, misreads article 21.24(b) if it be his
interpretation that no other manner of allegation is proper. An indictment may charge one offense
in a single paragraph while alleging multiple means for the commission of the offense without
being in violation of article 21.24(b). Kingsley v. State, 744 S.W.2d 191, 194 (Tex. App.--Dallas
1987, pet. dism'd), 784 S.W.2d 688 (Tex. Crim. App. 1990). The instant indictment does not
allege more than one offense, but rather alleges several means of committing the single offense
all in the same paragraph. No error is reflected. Bates v. State, 587 S.W.2d 121, 129 (Tex.
Crim. App. 1979).

 Even if the motion to quash was sufficient to call the trial court's attention to the
defect, the record does not reflect that the motion was ever presented to the trial court, and
appellant never obtained a ruling on the motion. Nothing is presented for review. Allison v.
State, 618 S.W.2d 763, 764 (Tex. Crim. App. 1981); Ford v. State, 868 S.W.2d 875, 877 (Tex.
App.--Houston [14th Dist.] 1993, no pet.); Young Sun Lee v. State, 681 S.W.2d 656, 660 (Tex.
App.--Houston [14th Dist.] 1984, pet. ref'd). To preserve error for review, a defendant must
obtain an adverse ruling on his motion or objection. Ramirez v. State, 815 S.W.2d 636, 643
(Tex. Crim. App. 1991); Darty v. State, 709 S.W.2d 652, 655 (Tex. Crim. App. 1986); Scott v.
State, 861 S.W.2d 440, 447 (Tex. App.--Austin 1993, no pet.); see also Tex. Code Crim. Proc.
Ann. art. 1.14(b) (West Supp. 1995). The third point of error is overruled.

 We now turn to the legal sufficiency questions presented. Appellant contends that
the evidence is insufficient to show that he (1) intentionally and knowingly caused serious bodily
injury to a child as alleged, and (2) committed the offense by the manner and means alleged in the
indictment. Two-year-old Lindsey Beth Ochoa was taken to the Little Dudes Day Care Center
by a friend of her mother on the morning of September 8, 1992. She appeared normal and in
good health. Day care workers testified that they kept the child during the day, that she was not
ill, had no visible bruises, and was in good spirits. The child ate her lunch and took her nap. At
2:45 p.m. that afternoon, appellant, the live-in boyfriend of the child's mother, arrived at the day
care center to pick up Lindsey as he did frequently. Lindsey ran to him.

 At 4:48 p.m. on the same day, EMS received a 911 telephone call about a child not
breathing. It was shown that appellant made this call. The EMS dispatcher had some difficulty
understanding appellant's explanation of the emergency. He talked about having hit the child in
the head with a car door, giving her a shower, and related some of the child's past medical
history. The first fire fighter to arrive at the apartment where appellant, the child, and her mother
lived, found the child lying on the floor. She was cool and dry. Appellant was the only adult
there. The child could not be revived. Appellant did not appear upset.

 An EMS paramedic testified that appellant was unable or unwilling to give any
information about what had happened to the child. He told "a long drawn-out story." Finally,
appellant stated that he had hit the child's head with a car door and had given her a shower. This
raised suspicions because the child was dry and there was no obvious head injury. In addition,
the child's body was cool indicating that she had been without vital signs for at least thirty minutes
before the paramedic had arrived. The child was pronounced dead at 5:15 p.m. 

 Theresa Ochoa, the child's mother, arrived at the scene and became upset. 
Appellant, however, showed no emotion. There was testimony from Nanette Nuncio, a co-worker
with the child's mother at a tax accounting office, that appellant had repeatedly called the mother
at the office beginning about 4:30 p.m. urging the mother to come home as the child had been hit
by a car door. Nuncio drove Theresa Ochoa home. There, appellant was unable to explain what
had happened. His story did not make sense to Nuncio.

 Police officers arrived on the scene. Appellant eventually told them about the car-
door injury and related that the child went limp in the tub while he was in the process of changing
her diapers. He acknowledged that he did not call EMS for fifteen to twenty minutes after the
child went limp. Appellant was arrested at the scene and given the proper statutory warnings. 
He was later transported to the homicide office.

 Homicide investigator Jesse Vasquez responded to a dispatch and went to the scene. 
He later interviewed appellant at the police station where appellant told Vasquez various stories. 
 Vasquez described appellant as being calm and indifferent. Vasquez decided to release appellant
pending the result of an autopsy. Appellant refused to leave and insisted on telling the truth about
what had happened. Vasquez then took a written statement from him. That statement and other
taped interviews were introduced at trial.

 Assistant medical examiner Suzana Dana testified as to the cause of death. She
began by detailing numerous acute bruises on the body which had been inflicted within one to two
hours before death. Dr. Dana related that there was extensive bleeding in the abdomen caused
by lacerations of the mesentery, the soft tissue that holds the bowel into the back of the abdominal
cavity. The injury to the mesentery was a massive injury associated with blunt trauma that forced
the tissue against the backbone and caused it to tear and rupture. The injuries to the mesentery
indicated repeated trauma, not just a single injury. Dr. Dana was unable to determine just what
caused the injuries but testified that they could have been caused by striking either with hands or
a blunt instrument. The cause of death was blunt abdominal trauma. Dr. Dana had pointed out
in her testimony that the only trauma to the head was a small hemorrhage at the top which would
not have led to unconsciousness. There were no chest fractures.

 Dr. Linda Norton, a forensic pathologist whose special area of expertise was child
abuse cases, testified that Lindsey Ochoa was "literally beaten to death." She was unable to tell
the exact cause of the blunt trauma, but informed the trial court that the child bled to death as the
result of injuries to the mesentery and the injuries were consistent with striking by a fist or other
blunt object. The injuries were the result of multiple severe blows. Dr. Norton estimated that
death would have occurred within an hour after the infliction of the injuries. 

 In appellant's written statement, he offered nothing to account for the severe
abdominal injuries suffered by the child. He did, however, admit to abusive behavior after he
picked up the child from the day care center:



 I now willingly admit that while I had Lindsey with me I struck her with
the driver's car door knowing she would be hurt. . . . I intentionally slammed the
driver's car door knowing it would strike Lindsey.



Later, the statement reveals that after arriving home the child appeared "like in a daze," and
appellant stated:



 I got mad at Lindsey and starting pushing on her chest underneath her ribs
and pushed very hard with both hands a lot of times--I got angrier and moved my
hands up her chest and pushed hard down on her again.



 Two members of the indicting grand jury testified that the jury had been unable in
the exercise of reasonable diligence to determine the exact manner and means of the child's
injuries.

 Appellant asserted that the child was injured when he tried to perform CPR. This
CPR--reckless injury type of defense was rejected by the medical witnesses. Dr. Norton testified
that it was preposterous to imagine the child's injuries resulted from CPR "no matter how careless
they were."

 After hearing the evidence and the argument of counsel, the trial court found
appellant guilty of assault causing serious bodily injury to a child "by striking the said Lindsey
Beth Ochoa with his hands and [or] a blunt object the description of which was to the Grand Jury
unknown and in a manner and by a means which was to the Grand Jury unknown."

 The standard for reviewing the legal sufficiency of the evidence is whether,
viewing the evidence in the light most favorable to the trial court's judgment (in a bench trial),
any rational trier of fact could have found beyond a reasonable doubt all the essential elements of
the offense charged. Jackson v. Virginia, 443 U.S. 307, 3219 (1979); Valdez v. State, 776
S.W.2d 162, 165 (Tex. Crim. App. 1989), cert. denied, 110 S. Ct. 2575 (1990); Dickey v. State,
693 S.W.2d 386, 387 (Tex. Crim. App. 1984). The standard for review is the same in both direct
and circumstantial evidence cases. Herndon v. State, 787 S.W.2d 408, 409 (Tex. Crim. App.
1990); Chambers v. State, 711 S.W.2d 240, 244-45 (Tex. Crim. App. 1986); see also Geesa v.
State, 820 S.W.2d 154 (Tex. Crim. App. 1991). (2)

 Appellant complains that the State failed to prove the culpable mental state of
"intentionally" or "knowingly" as alleged. Proof of a culpable mental state relies upon
circumstantial evidence. Dillon v. State, 574 S.W.2d 92, 94-95 (Tex. Crim. App. 1978); Fuller
v. State, 819 S.W.2d 254, 257 (Tex. App.--Austin 1991, pet. ref'd); Gardner v. State, 736 S.W.2d
179, 182 (Tex. App.--Dallas 1987), aff'd, 780 S.W.2d 259 (Tex. Crim. App. 1989). Intent may
be inferred from the acts, words, and conduct of the accused. Dues v. State, 634 S.W.2d 304,
305 (Tex. Crim. App. 1982). Knowledge also may be inferred from the conduct of and remarks
by the accused and from all the circumstances surrounding the acts engaged in by the accused. 
Dillon, 574 S.W.2d at 94-95; Parramore v. State, 853 S.W.2d 741, 745 (Tex. App.--Corpus
Christi 1992, pet. ref'd); Trejo v. State, 766 S.W.2d 381, 385-86 (Tex. App.--Austin 1989, no
pet.); Ercanbrack v. State, 646 S.W.2d 480, 481 (Tex. App.--Houston [1st Dist.] 1982, no pet.).

 In the instant case, there was evidence that appellant had been previously charged
with an assault upon the child that resulted in a broken ankle or leg. Appellant admitted that on
the occasion in question he intentionally slammed a car door against the child; that later he "got
mad" at the child and "pushed very hard with both hands" underneath the child's ribs; and that
he got angrier and "pushed hard down on her again." Without reiterating all the circumstances
surrounding appellant's acts, various stories, and general conduct, we conclude that a rational trier
of the fact could have found beyond a reasonable doubt all the essential elements of the offense
charged including the alleged culpable mental states. (3)

 Nevertheless, appellant argues that the evidence is insufficient to support a finding
of any of the multiple means of committing the offense as alleged. As noted, the trial court
expressly limited its finding to the third manner and means alleged in the indictment. In the light
of appellant's written statement and the testimony of the doctors and the grand jurors, the evidence
is clearly sufficient to support the finding under the Jackson rationality standard. Appellant's first
and second points of error are overruled.

 The judgment is affirmed.



 

 John F. Onion, Jr., Justice

Before Justices Powers, Jones and Onion*

Affirmed

Filed: January 18, 1995

Do Not Publish





* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).

1.   In those instances in which the present Penal Code provision is identical or almost
identical to the provision in effect at the time of the offense, the current code is cited for the
sake of convenience.
2.   Geesa abolished the reasonable hypothesis of innocence analytical construct in circumstantial
evidence cases.
3.   In a bench trial, the trial court is the trier of fact, the judge of the credibility of the
witnesses and the weight to be given their testimony. Wicker v. State, 667 S.W.2d 139, 141
(Tex. Crim. App. 1984). The trial court may accept or reject any or all of the testimony of any
witness. Wright v. State, 603 S.W.2d 838, 840 (Tex. Crim. App. 1980). Reconciliation of any
evidentiary conflicts is solely a function of the trier of fact. Bowden v. State, 628 S.W.2d 782,
784 (Tex. Crim. App. 1982).