

# IN THE
# TENTH COURT OF APPEALS

### No. 10-08-00385-CR

**MICHAEL JEFFREY COHEN,**

Appellant

 **v.**

**THE STATE OF TEXAS,**

Appellee

**From the 361st District Court
Brazos County, Texas
Trial Court No. 07-03857-CRF-361**

## MEMORANDUM  OPINION

Michael Jeffrey Cohen was charged with felony driving while intoxicated, enhanced by 1995 and 1999 convictions for operating a motor vehicle while intoxicated. The indictment also alleged a 2001 conviction for felony driving while intoxicated. Cohen pleaded guilty to the charged offense and the trial court sentenced him to ten years in prison. In two points, Cohen challenges: (1) the legal sufficiency of the evidence to support his conviction; and (2) the denial of his motion to quash the indictment. We affirm.

## LEGAL SUFFICIENCY

In point one, Cohen challenges the legal sufficiency of the evidence to support his conviction, arguing that the 1995 and 1999 convictions[1] are an element of the offense that occurred before the effective date of an amendment to section 49.09 of the Penal Code; thus, they could not be used for enhancement and his sentence is illegal.

Section 49.09(e) of the Penal Code previously provided that a prior conviction could not be used for enhancement if the conviction was more than ten years old. *See* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3698; *see also* Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 21, 1995 Tex. Gen. Laws 2734, 2743. In 2005, the Legislature repealed subsection (e) and eliminated the ten-year requirement, effective September 1, 2005. *See* Act of May 27, 2005, 79th Leg., R.S., ch. 996, § 3, 2005 Tex. Gen. Laws 3363, 3364; *see also* TEX. PEN. CODE ANN. § 49.09(b)(2) (Vernon Supp. 2009).

The Court of Criminal Appeals has held that section 49.09(e) does not establish an element of felony driving while intoxicated because it "does not describe the forbidden conduct, the required culpability, any required result, nor does it create an exception to the offense." *Weaver v. State*, 87 S.W.3d 557, 561 (Tex. Crim. App. 2002). It merely "bars the State, in certain circumstances, from proving all of the elements of the offense" and is, therefore, "more akin to a rule of admissibility." *Id*.

---

[1]     Cohen does not complain about the 2001 conviction.

In *Saucedo v. State*, No. 03-06-00305-CR, 2007 Tex. App. LEXIS 4292 (Tex. App.—Austin May 30, 2007, no pet.) (not designated for publication), Saucedo argued that the "current version of section 49.09 does not apply to his case because the prior convictions are elements of the current offense and, therefore, some of the elements occurred before the effective date of the new law." *Saucedo*, 2007 Tex. App. LEXIS 4292, at *10. The Austin Court held that, because section 49.09(e) does not establish an element of the offense, "[a]ll of the elements of the offense were committed after September 1, 2005, and the new version of the statute applies." *Id*. at *12.

We too hold that former subsection 49.09(e) does not establish an element of the offense of felony driving while intoxicated. *See Weaver*, 87 S.W.3d at 561; *see also Saucedo*, 2007 Tex. App. LEXIS 4292, at *12. The evidence is legally sufficient to support Cohen's conviction and his sentence is not illegal. *See Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000); *see also Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). We overrule point one.

## *EX POST FACTO* CLAUSE

In point two, Cohen argues that the court abused its discretion by denying his motion to quash the indictment because the 2005 amendment to section 49.09 constitutes an impermissible *ex post facto* law. The State contends that Cohen failed to preserve this complaint for appeal by failing to obtain a ruling on his motion.

"If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences," he waives the right to object on appeal. TEX. CODE CRIM. PROC.

ANN. art. 1.14(b) (Vernon 2005). This waiver and forfeiture provision requires a defendant to object, not merely file a motion. *Mills v. State*, 941 S.W.2d 204, 208 (Tex. App.—Corpus Christi 1996, pet. ref'd). "Nothing is presented for appellate review when the appellate record fails to show that the Motion to Quash Indictment was called to the court's attention or that a ruling was obtained." *Ford v. State*, 868 S.W.2d 875, 877 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd).

The record does not contain a ruling on Cohen's motion to quash. Although Cohen raised an objection at trial, he did not bring the matter to the trial court's attention before announcing ready. *See Mills*, 941 S.W.2d at 209; *see also Wilson v. State*, 398 S.W.2d 291, 293 (Tex. Crim. App. 1965) ("It has long been the rule in this Court that motions to quash must be presented prior to announcement of ready."). Cohen has failed to preserve his second point for appellate review.[2] *See Ford*, 868 S.W.2d at 877.

The trial court's judgment is affirmed.

FELIPE REYNA
Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Affirmed
Opinion delivered and filed January 20, 2010
Do not publish
[CR25]

---

[2]     Even had Cohen preserved his complaint for appeal, the 2005 amendment to section 49.09 is not an *ex post facto* law. *See Engelbrecht v. State*, 294 S.W.3d 864, 868 (Tex. App.—Beaumont 2009, no pet.); *see also Sepeda v. State*, 280 S.W.3d 398, 402 (Tex. App.—Amarillo 2008, pet. ref'd); *Crocker v. State*, 260 S.W.3d 589, 592 (Tex. App.—Tyler 2008, no pet.); *State v. Pieper*, 231 S.W.3d 9, 14 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *Saucedo v. State*, No. 03-06-00305-CR, 2007 Tex. App. LEXIS 4292, at *10 (Tex. App.—Austin May 30, 2007, no pet.) (not designated for publication); *Romo v. State*, No. 04-05-00602-CR, 2006 Tex. App. LEXIS 10403, at *5-6 (Tex. App.—San Antonio Dec. 6, 2006, no pet.) (not designated for publication).