**Dissenting Opinion Filed March 19, 2024**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-22-00878-CV

## IN RE THE STATE OF TEXAS FOR THE BEST INTEREST AND PROTECTION OF J.M.P., JR.,

**On Appeal from the Probate Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. MI-92-1623**

## DISSENTING OPINION

Before Justices Partida-Kipness, Reichek, and Miskel
Dissenting Opinion by Justice Partida-Kipness

Appellant enjoys bird hunting with friends and family. So, when he was not permitted to purchase an AR-15 because of a prior involuntary mental health commitment, Appellant applied for statutory relief from the firearms disability. To obtain that relief, however, Appellant was required to present evidence to support two affirmative findings: (1) he is no longer likely to act in a manner dangerous to public safety, and (2) removing the disability to purchase a firearm is in the public interest. *See* TEX. HEALTH & SAFETY CODE § 574.088(c)(1)–(2). Appellant's evidence showed he has no criminal history, is a father of three who is a respected member of his community, is a successful business owner, and is in a stable

marriage. At the time of the hearing, Appellant was not in treatment for or taking medication to treat any mental health concerns. The State concedes the evidence was sufficient to support an affirmative finding Appellant "is no longer likely to act in a manner dangerous to public safety." But Appellant presented no evidence to show removing the disability is in the public interest as required by section 574.088(c)(2). Yet, my colleagues conclude the disability should be removed anyway. To do so, they turn a blind eye to Appellant's failure to present any evidence to show removing the disability is in the public interest. I, therefore, respectfully dissent.

## THE PUBLIC INTEREST

Section 574.088 is a federally-approved[1] "qualifying relief program" available to applicants like Appellant who are seeking relief from firearms disabilities in mental health cases. *See Tyler v. Hillsdale Cnty. Sheriff's Dep't*, 837 F.3d 678, 681–83 (6th Cir. 2016); *see also* https://www.atf.gov/file/155981/ (last visited February 23, 2024) (Section 574.088 approved as a qualified relief of disability program in 2010).

---

[1] Section 574.088 was enacted in response to the NICS Improvement Amendments Act of 2007, which authorized federal grants to encourage the states to supply accurate and up-to-date information to federal firearm databases. Pub. L. No. 110–180, §§ 103, 105, 121 Stat. 2568-69 (2008) (NICS Act of 2007). Grant eligibility was based, in part, on the creation of a relief-from-disabilities program allowing individuals barred from gun ownership by 18 U.S.C. § 922(g)(4) to apply to have their rights restored. *Id.*; *see* 18 U.S.C. § 922(g) (prohibiting certain categories of people from gun ownership, including anyone "who has been adjudicated as a mental defective or who has been committed to a mental institution."). The NICS Act of 2007 requires State-level qualifying programs to provide that "a State court, board, commission, or other lawful authority shall grant the relief . . . if the circumstances regarding the disabilities . . . and the person's record and reputation, are such that the person will not be likely to act in a manner dangerous to public safety *and that the granting of the relief would not be contrary to the public interest*." Pub. L. No. 110–180, § 105(a)(2), 121 Stat. at 2569–70 (emphasis added). The State program must also allow State-court review of application denials. *Id.* § 105(a)(3), 121 Stat. at 2570.

Section 574.088 and its federal counterparts each require a public–interest finding to remove a firearms disability. Whereas the federal statutes require a finding that removing the disability is "not contrary to the public interest," section 574.088 requires a finding that removing the disability is "in the public interest." The statutes do not define "the public interest," and an exhaustive review of state and federal authorities uncovered no authority analyzing what evidence an applicant must present to show removal of the disability is "in the public interest." However, federal courts have recognized the "the public interest" requirement is an "amorphous" standard, which the courts have not defined:

> Notwithstanding the federal standard's long history, we have found little case law illuminating what constitutes "not contrary to the public interest." In addressing the two-pronged standard as found in 18 U.S.C.A. 925(c), the Third Circuit has characterized the standard as "amorphous." *Pontarelli v. U.S. Dep't of Treasury*, 285 F.3d 216, 225 (3d Cir. 2002) (en banc); *see also McHugh v. Rubin*, 220 F.3d 53, 59 (2d Cir. 2000) (stating "the standard for granting relief [under section 925(c)] is worded ... broadly" and implicates "the broad policy question of what is in the 'public interest'").

*In re E.C.*, No. A-3713-13T2, 2015 WL 4112097, at *6 (N.J. Super. Ct. App. Div. July 8, 2015) (per curiam). The standard remains amorphous today. What is clear, however, is no court has granted relief from a firearms disability without evidence of why doing so is in the public interest.

# THE EVIDENCE

Appellant presented no evidence showing removing the disability is in the public interest as required by section 574.088(c)(2). When asked the reason he was seeking to have the firearm disability removed, Appellant told the court:

> I just want to hunt again. It's something I have done my whole life, and always, you know, a big part of my life and my friends and relationships, and I really want to teach my son, be able to have the opportunity for my son like my dad taught me.

According to Appellant, he used to go dove, quail, and duck hunting with his friends "a few times a month" during hunting season. Appellant also testified he did not need to purchase the AR-15, but it would be "nice" to have one because his friends own similar firearms to hunt hogs. Appellant's testimony concerning his desire to own firearms and hunt with friends and family was the only evidence presented below concerning any interest in removing the disability.

At the hearing, Appellant's trial counsel argued removing the disability is in the public interest because hunting is legal in Texas, and Appellant wants to hunt and have shotguns in his house:

> The second required finding is removing the person's disability to purchase a firearm is of public interest. I say it is public interest for this reason: One, hunting is legal in Texas. Purchasing firearms are legal in Texas. The United States Supreme Court says that you generally have an actual constitutional right to purchase firearms. If he is not subject to a mental disability that would preclude him from doing so, he should have the right to do it. That is in fact the public interest.

> If he wants to hunt, he should be able to hunt. If he wants to have shotguns in his house in order to help facilitate doing that, we think he should do it. We think it would be in the public interest to remove this

–4–

disability, so, you know, if you make this order, it is going to go to the Texas Department of Public Safety, who is going to send it to the FBI because of what's going on now. He's on the list of the FBI. If he tries to buy it, it is going to show up that he was committed to an institution for a mental illness, and that was in 1992. Whatever weight that might have in 1992, clearly, based on the evidence we presented today, has no weight in 2022. So we'd ask the Court enter the order required under Section 574.088 and remove the disability.

Those reasons, however, do not support a finding, or the majority's conclusion, that removing the disability is in the public interest. At most, the evidence and counsel's argument show removing the disability is in Appellant's interest because he wants to hunt and own guns.

Moreover, although evidence of Appellant's good character, lawfulness, and reputation may be relevant to whether removing the disability is *not contrary to the public interest*, such evidence sheds no light on whether removing the disability is *affirmatively in the public interest.* The plain language of section 574.088(c)(2) requires proof of the latter. But the majority applies a standard similar to the former by finding the evidence sufficient to establish the public interest prong because "[t]here was no evidence that removing J.M.P. Jr.'s disability to purchase a firearm was not in the public interest, . . . ." I disagree with the majority's analysis.

Appellant failed to present any evidence explaining how or why allowing him to own or possess firearms is in the public interest. I would, therefore, affirm the trial court's denial of the petition based on Appellant's failure to put on any evidence of "in the public interest."

**RESPONSE TO THE CONCURRENCE**

I find it necessary to briefly address Justice Miskel's concurring opinion. In it, my colleague states "the dissent is skeptical of J.M.P. Jr.'s argument that his ability to own guns for hunting is in the public interest. However, the public policy of Texas affirmatively promotes the hunting of feral hogs." This misinterprets my position and assumes facts not in evidence below. Appellant presented no evidence of a need or desire to hunt feral hogs on his property. In fact, he presented no evidence or argument on the public interest prong of the statute at all. Appellant and his counsel simply asserted he wanted to hunt and should be able to hunt. One's desire to hunt with friends and family, without more, is not evidence of the public interest. Had the Legislature intended to allow removal of a firearms disability whenever an applicant shows he is no longer likely to act in a manner dangerous to public safety and states he wants to hunt or own guns, then the statute would not have included a separate public interest prong. After all, by applying to have the firearms disability removed, the applicant is stating he wants to own a gun. Unless the Legislature amends the statute or the Texas Supreme Court concludes the only proof needed to meet the public interest prong is a stated desire to hunt or own guns, I believe applicants must present some evidence beyond a desire to hunt or own guns to meet the requirements of the statute. Appellant failed to do so here, and I would affirm the trial court's decision.

Further, my colleague misinterprets the trial court's ruling and its effect when she states, "the trial court's decision had the effect of disarming a citizen of sound mind based exclusively on his past commitment as a teen." In my view, the trial court correctly denied appellant's application because he presented no evidence to show why removing the disability is in the public interest. Had appellant advocated for himself in the trial court as my colleague does in her concurrence, the trial court may have reached a different decision. Under this record, however, I maintain the trial court properly denied the application because appellant did not show, nor did he even attempt to show, how and why removing the disability for him to purchase a firearm is in the public interest.

## CONCLUSION

My colleagues in the majority resolve this case of first impression by concluding it is in the public interest to remove the firearms disability because Appellant stated he wants the disability removed and presented evidence he is no longer likely to act in a manner dangerous to public safety. This suggests the majority has determined owning firearms is in the public interest as a matter of law and, therefore, a separate inquiry into the public interest prong is unnecessary when a movant presents sufficient evidence to support an affirmative finding under subsection (c)(1).

But the right to bear arms is not absolute. *Wilson v. State*, 44 S.W.3d 602, 604 (Tex. App.—Fort Worth 2001, pet. ref'd); *Ford v. State*, 868 S.W.2d 875, 878 (Tex.

App.—Houston [14th Dist.] 1993, pet. ref'd). The Texas Constitution gives the Legislature the power to regulate that right. TEX. CONST. art. I, § 23 ("Every citizen shall have the right to keep and bear arms in the lawful defence of himself or the State; but the Legislature shall have power, by law, to regulate the wearing of arms, with a view to prevent crime."). Section 574.088 is an example of the Legislature's exercise of its regulatory power. If the Legislature had not intended for courts to engage in a separate inquiry into whether removal of a firearms disability is in the public interest, it would not have included subsection (c)(2) in the statute. By conflating subsections (c)(1) and (c)(2), the majority rewrites the statute and sets a dangerous precedent.

This result-oriented opinion has no legal or factual support and is a poorly-veiled attempt to favor gun rights over public safety without a factual basis to do so. Because the majority removes Appellant's firearms disability without evidence to support a finding that doing so is in the public interest, I respectfully dissent.


/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

220878DF.P05